TORRIER TOLLENSEN, *Plaintiff in Error,*

*vs.*

OLE GUNDERSON, *Defendant in Error.*

A bill of exceptions, not settled according to the rules of Court, may be set aside for such irregularity, on motion made to this court.

Such bill may, under some circumstances, be referred back to the judge for correction.

But the parties have a right to insist that the rules of law shall be observed in the settlement of the exceptions.

This was a motion, made at this present term, by the counsel for the defendant in error, to set aside the bill of exceptions, on the ground that the same was not settled at the time when notice for that purpose had been served, but at another time, of which no notice had been given the opposite party. This motion was supported by affidavits filed with it, and resisted by counter-affidavits, filed by the opposity party, the facts set forth, in which are stated in the opinion.

*Knapp & Frink,* for the motion.

——— *Roys,* contra.

*By the Court,* WHITON, C. J. The motion in this case must be sustained. The affidavits which have been filed show, that an attempt was made to settle the bill of exceptions on the 4th of June, 1853, and the dispute is, whether the exceptions were then in fact settled, or on the 6th, the day they were signed. We are satisfied that they were not settled

on the 4th, but that the matter was postponed by the judge, to another time. The affidavit filed to resist the motion, states that the judge said, when the attorneys were before him for the purpose of settling the exceptions, on the 4th of June, that he would only sign a bill of exceptions which should correspond, substantially, with his minutes of the testimony, and directed the attorney for the plaintiff in error, to amend his bill of exceptions, so as to make it correspond with the minutes, and he would sign it. The affidavit further states, that the bill of exceptions was so amended by the attorney for the plaintiff in error, on the same day, but the judge could not be found ; that the next day was Sunday ; and that on Monday, the 6th of June, the exceptions were, in fact, signed by the judge. These facts show that the judge, on the 4th of June, stated to the parties, the principles which would govern him in settling the exceptions, but do not show that they were, in fact, settled. (*Pelletreau* vs. *Moore*, 9 *Wend.* 493.)

It appears, from the affidavit, that the judge went away on the 4th of June, without appointing any time for settling the exceptions, and fails to state that on the 6th of June, the attorney of the defendant in error was present, or that he had any notice that they were then to be settled. We think that the judge should have notified the parties when to appear before him again for the purpose of settling the exceptions, or, that the attorney for the defendant in error, should have been notified by the attorney for the plaintiff in error, pursuant to the rules of the County Court. It was contended by the counsel for the plaintiff in error, that as this bill of excep-

JUNE TERM, 1853.

Tollenson vs. Gunderson.

tions has become a record of the County Court, this court cannot set it aside. This position is not supported by any of the authorities referred to. On the contrary, they all concur in sustaining the position, that when the exceptions are settled in a manner not authorized by law, the court will set them aside or refer them back for correction, on motion. *Dean et al.* vs. *Gridley,* 10 *Wend.* 255; *Delavan* vs. *Boardman,* 5 *id.* 132; *Pelletreau* vs. *Jackson,* 7 *id.* 471; *Jackson* vs. *Tuttle,* 4 *Conn. R.,* 364; 1 *Burr.* 457; *Agnew* vs. *Campbell's Adm.,* 2 *Harr.* 291; *Wilson* vs. *Moore,* 4 *id.* 186.

It is true, that when regularly settled by the judge, the court will not interfere, but the parties have a right to insist that the rules of law shall be observed in their settlement.

The motion is sustained.