## ISRAEL RIKER, Appellant,

*vs.*

## JULIA ANN SCOFIELD, Respondent.

APPEAL IN EQUITY FROM THE COLUMBIA CIRCUIT COURT.

Parties should bring their testimony into the appellate court in authentic form, otherwise it will not be noticed.

If a bill of exceptions be relied on to exhibit the testimony, the bill should appear to have been signed by the judge below, or properly certified by the clerk; or in some manner authenticated as containing the testimony actually taken in the case.

If the appellant neglect to bring into this court his testimony from the court below in an authentic form, he cannot have the benefit of it, and the cause must be heard upon such testimony as appears authentic, and a decree rendered accordingly.

*Alvah Hand* for Respondent.

*By the Court*, COLE, J.—It appears from the papers and records in this cause, that the bill was filed to compel a specific performance of a contract for the sale of real estate. An answer was put in, June 11, 1855, and a replication to this answer filed March 6th, 1856. It also appears that at the September term of the circuit court, the case was brought to a hearing upon the pleadings and proofs, taken we presume, in court; and that the appellant's bill was dismissed with costs. From this order or judgment dismissing the bill, an appeal has been taken to this court.

Upon examining the papers in this case we do not find a particle of testimony either to sustain or reverse this judgment. There is, to be sure, among the papers what purports to be a

bill of exceptions, or minutes of testimony in a case between these parties, but this bill of exceptions is not signed by the court, nor certified by the clerk, nor in any manner authenticated as being testimony taken in the case, or used upon the trial. Of course we cannot consider it. If the appellant went to a hearing without having any testimony to sustain the allegations of his bill, undoubtedly the circuit court properly dismissed the bill. If he did really introduce testimony sufficient to show that he was entitled to relief, it was his duty to have that testimony here in some authentic shape, so that we might consider it. As the case stands before us, we must affirm the judgment of the court below, with costs.