MOORE VS. CORD.

Under chapter 264 of the General Laws of 1860, an appeal does not lie to this court from an order of a circuit judge at chambers, refusing to vacate an injunctional order previously made at chambers.

The party aggrieved should move to vacate or set aside such chamber order, at a regular or special term; and from an order denying the motion, an appeal lies.

APPEAL from the Third Circuit.

*A. C. Fraser*, for appellant.

*Frisby & Weil*, for respondent.

*By the Court*, DIXON, C. J.  This is a motion to dismiss an appeal taken to this court from an order of a circuit judge at chambers, refusing to vacate and dissolve an injunctional order previously made at chambers.  The facts are these. The respondent obtained the original order from the judge of the 3d judicial circuit *without notice*.  The appellant, upon notice to the respondent, applied to the same judge to vacate and dissolve the order, pursuant to section 33 of chapter 264, Laws of 1860, which was refused.  He then took this appeal, and the question is whether such an order is appealable under the provisions of the act referred to, which, it is believed, embodies all the statutory regulations we now have upon the subject.  We were at first inclined to think that the appeal might be sustained by section 19 of the act; but upon examining its language more closely, we find that the appeal there given is confined to orders made by a circuit judge " denying, dissolving, vacating or modifying an injunction," and must be taken by " the party interested in continuing the same."  In this case the order did not deny or dissolve, but continued the injunction, so that the validity of the appeal must depend upon the 10th section.  It is upon that section, and the argument to be drawn from the ab-

March 12.

January Term, 1861.

sence of any statutory provision authorizing an appeal from an order made at chambers to a regular or special term of the circuit, that the counsel for the appellant relies. It is clear to us that the several orders specified in section 10, from which an appeal is given, are orders of court and not of a judge, and such we believe is the general understanding of the profession. And the argument to sustain the appeal derives no support from the fact that no appeal is given from an order at chambers to the court in term, for the reason that from the 5th subdivision of the same section, it appears that it was the intention of the legislature to introduce a new practice with respect to such orders. The party aggrieved has still an ample remedy in such cases, and one that is quite as speedy and effectual as that of appeal. It is by motion to vacate or set aside such chamber order at a regular or special term. That subdivision gives an appeal to this court "from orders made by the circuit court vacating or refusing to set aside orders made at chambers, where, by the provisions of the act, an appeal might have been taken, in case an order so made at chambers had been granted or denied by the circuit court in the first instance." This provision not only shows that the appeals granted by the section are to be taken from orders of court, but that the legislature intended that chamber orders should first be brought before the circuit court; and as a motion is the only method by which that can be done, it must be presumed that such was the practice contemplated. That course should have been pursued by the appellant in this case; and, upon refusal to vacate, he would have had the benefit of an appeal to this court. As it is, his appeal must be dismissed, but without costs, save to the clerk.