PUNCH and others vs. THE TOWN OF NEW BERLIN and others.

*Appeal to Supreme Court from order of judge at chambers.*

1. Under ch. 139, Laws of 1861, a party applying for an injunction to a judge at chambers, who wishes to appeal to the supreme court from an order refusing his application, must give immediate notice of such appeal, and must *within three days* tender to the opposite party a written undertaking, &c.
2. The appeal in this case dismissed for failure to comply with these requirements of the statute.

3. The fact that the respondent noticed the cause for argument in this court, *held* not to be a *waiver* of this objection to the appeal.

4. Whether the legislature has power under the constitution of this state to provide for an immediate appeal to the supreme court from the decision of a judge at chambers, is not decided.

APPEAL from an order made at chambers by the Circuit Judge of *Waukesha* County.

*A. Cook*, for appellants.

*Palmer & Hooker*, for respondents.

COLE, J. The motion to dismiss this appeal must be granted. The appeal is from an order of a circuit judge, made at chambers, denying an injunction, and was undoubtedly intended to be taken under ch. 139, Laws of 1861. Now, assuming that it is competent for the legislature, under our constitution, to provide for appeals directly to this court from orders made by a circuit judge at chambers (a point upon which we do not wish to be understood as expressing any opinion), still it is obvious that the party appealing must comply with the statute. He did not do so in this case. The statute provides that the party interested in procuring the injunction must give immediate notice of appeal to the opposite party, and *tender within three days* thereafter to such party a written undertaking, with sufficient surety in such sum as the court or judge may direct. The order in this case was made on the 13th of March, and it appears that no undertaking was served until after the 20th of that month. In order to perfect the appeal, the plaintiffs should have given immediate notice of an appeal, and made and tendered within three days, to the adverse party, a written undertaking in such sum as the judge might direct.

We do not think there was any waiver of this irregularity in taking the appeal, by the respondents noticing the cause for argument.

*By the Court.*—Appeal dismissed.