## MEAD VS. WALKER.

*Judgment on referee's report, where order of reference reversed, without stay of pro ceedings.—Bill of exceptions on appeal from order, a part of the record for all purposes.*

1.    Where an order of reference for trial was reversed, a judgment previously ren dered on the referee's report (proceedings not being stayed) must also be revers ed, though appellant had notice of the trial before the referee, and of the mo tion for judgment, and did not appear.
2.    The bill of exceptions settled on an appeal from an order remains a part of the record for all purposes.

APPEAL from the Circuit Court for *Rock* County.

*H. K. Whiton*, for appellant.

*Mat. H. Carpenter*, for respondent.

DOWNER, J.    On the 24th day of December, 1862, the cir cuit court made an order in this action referring it to a referee to hear try and determine.    On the 20th day of January, 1863, a bill of exceptions on the part of the defendant below to the ruling and order of reference was signed by the circuit judge, and made part of the record.    On the same day the defendant appealed from that order, but gave no such undertaking as was

Mead vs. Walker.

required to stay proceedings. The referee proceeded *ex parte*, took testimony on the part of the plaintiff, made his report, and the circuit court, on the 18th day of May, 1863, and before the decision of this court on the appeal from the order referring the cause was made, confirmed the report of the referee, and entered judgment against the defendant for $13,772.91, the amount reported due, with interest from the date of the report, besides costs. The defendant appealed from the judgment, and also from an order overruling a motion to vacate it. The defendant, after his exceptions to the order of reference were filed, did not appear in the cause before the circuit court or the referee, although notified, till after the rendition of the judgment. This court, on the appeal from the order of reference, reversed that order.

The respondent asks us to presume that the order of reference was made with the consent of the appellant, and to ignore entirely the bill of exceptions signed by the judge and made part of the record, showing that the appellant did except to that order; on what principle we are not informed. A bill of exceptions once signed by the judge and filed becomes a part of the record, and so remains *for all purposes*. And the same is true though there may be several of them in the course of proceedings in a cause. This being so, it is obvious that the judgment must be reversed for the same error for which the order was reversed.

The respondent says the record shows that the defendant had notice of the trial before the referee, and of the motion for judgment on his report, and made no objections. If his exception to the order of reference was well taken, he had a right to rely upon that without appearing to renew his objections at every step in the cause. And if he had appeared before the referee, and tried the cause, it might have been said that it was a waiver of his exceptions to the order of reference. It is unnecessary for us to give any opinion as to the correctness of the order of the circuit court overruling the motion to vacate

the judgment, as the appellant gains by the reversal of the judgment all he could have gained by that motion if it had been granted.

*By the Court.*—The judgment is reversed, with costs.