In the Matter of the Petition of Lovina Young and others, Heirs, etc., vs. Groner.

*Two appeals for same relief—One dismissed.—Is a circuit court order allowing an appeal from a county judge (sec. 29, chap. 117, R. S.) appealable ?*

1. Where a party takes two appeals to obtain what can be obtained upon one, if at all, one of them must be dismissed. So *held* where the party appealed from an order of the circuit court allowing an appeal from a decision of the county judge, and also appealed from a subsequent order refusing to dismiss the appeal from the county judge.

2. In *Meade v. Walker,* where there was an appeal from a judgment, and one from an order refusing to vacate it, the judgment was reversed (20 Wis., 518), and the appeal from the order dismissed.

3. Whether an order of the circuit court, allowing an appeal from a decision of the county judge, under sec. 29, chap. 117, R. S., is appealable, *quære.*

In the Matter of the Petition of L. Young and others, Heirs, etc., vs. Groner.

APPEAL from the Circuit Court for *Rock* County.

This appeal was taken by *Groner* from the order mentioned in the previous case, permitting the petitioners to take an appeal from the decision of the county judge, allowing *Groner's* claim against the estate of William Young, deceased.

*Isaac Rogers*, for appellant.

*W. H. Ebbets*, for respondents.

PAINE, J.    The facts in regard to this appeal are stated in the opinion in the case of *Jacob Groner*, appellant, against *Lewis Hield and others*, respondents, (*ante* p. 200.)    If we should entertain this appeal, it would be necessary to affirm the order, for the reasons given in that opinion.

It is doubtful whether this order, allowing an appeal to be taken from a decision of the county judge, was appealable at all.    But, without determining that question, this appeal will be dismissed upon the ground that the appellant moved in the circuit court to dismiss the appeal from the decision of the county judge, and appealed from the order refusing to dismiss it, thus bringing two appeals for the same purpose.    In such a case, the practice has been adopted, to dismiss one of the appeals.    This was done in the case of *Mead v. Walker*, 20 Wis., 518, where the party appealed from a judgment and from an order refusing to vacate it.    The report of the case does not show that the appeal from the order was dismissed; but that fact will appear from the records.    And it was dismissed upon the ground that a party ought not to be permitted to bring two appeals to obtain that which he can obtain, if at all, upon one.

*By the Court.*—The appeal is dismissed, with costs.