THE AMERICAN BUTTON-HOLE, OVERSEAMING & SEWING MACHINE COMPANY VS. GURNEE, imp.

APPEAL TO SUPREME COURT. (1, 2) *Interlocutory orders not appealable after judgment.* (3, 4) *Appeal from judgment and interlocutory order, held double, and bad.*

1. Upon appeal from judgment, this court is required to review interlocutory orders involving the merits and affecting the judgment (Tay. Stats., ch. 139, § 6), and not to reverse the judgment for errors in other orders. R. S., ch. 125, sec. 40.
2. Under the provisions of statute above cited, the right of appeal from interlocutory orders must be held to cease upon final judgment.
3. Such appeals, however, though ill taken, are not nullities, but are operative until dismissed, and are dismissed with judgment for costs.
4. Where, therefore, defendant, after judgment against him, gave a single notice of appeal from the judgment and from an order overruling his demurrer to the complaint: *Held*, that so much of the notice as relates to the order cannot be treated as a nullity, and the appeal is bad for duplicity. *Parker v. McAvoy*, 36 Wis., 322, and other cases in this court, as to double appeals, followed; and a remark in *Webster v. Ins. Co.*, 36 Wis., 67, criticised.

APPEAL from the Circuit Court for *Dane* County.

The defendant *Gurnee*, on the 8th of February, 1875, gave notice of an appeal to this court from so much of an order of the circuit court entered on the 30th of January, 1875, as overruled his demurrer to the complaint herein, and authorized judgment to be entered for the plaintiff, and also from the judgment entered on the same day in favor of the plaintiff and against said defendant.

The respondent moved to dismiss the appeal on the ground that it was double. This motion was argued at the same time with the merits.

*John D. Gurnee*, appellant in person, argued that the order appealed from, as it was entered prior to the judgment, and involves the merits and affects the judgment, would have been reviewable on appeal from the judgment, even without excep-

tion taken (Laws of 1871, ch. 86), and there is no need of a separate appeal in such a case. *White v. Appleton*, 14 Wis., 190; *Chamberlain v. Sage*, id., 193; *Sweet v. Mitchell*, 17 id., 125; *Hardin v. Smith*, 33 id., 274; *Webster v. Ins. Co.*, 36 id., 67. He also distinguished the case of *Fehring v. Swineford*, 33 Wis., 550, and *Parker v. McAvoy*, 36 id., 322; and contended that there was no reason why the reference to the order in the notice of appeal should not be treated as *mere surplusage*.

*Smith & Lamb*, for respondent, to the point that the appeal was irregular and should be dismissed, cited *White v. Appleton*, 14 Wis., 191; *Chamberlain v. Sage*, id., 193; *Sweet v. Mitchell*, 17 id., 125; *Noble v. Strachan*, 32 id., 318; *Fehring v. Swineford*, 33 id., 550; *Harder v. Smith*, id., 274, 276; *Parker v. McAvoy*, 36 id., 322.

RYAN, C. J. The record in *Webster v. Ins. Co.*, 36 Wis., 67, has been remitted, and we cannot now say with certainty whether the appeal is accurately stated in the report of that case. The report certainly indicates a double appeal. No question seems to have been made on the form of the appeal; and the remark of the court upon it is *obiter*, and evidently unconsidered. For in *Parker v. McAvoy*, 36 Wis., 322, decided at the same term, when the question was raised, a similar appeal was held bad because double. It is unnecessary to repeat here the reasons on which the rule rests. The cases cited in *Parker v. McAvoy* show that it has long been the rule in this court. See also *Noble v. Strachan*, 32 Wis., 314, and *Fehring v. Swineford*, 33 id., 550. In the latter case the appeal was held double because the notice imported an appeal from a judgment and an order, though there appeared to be no judgment in fact; thus resting the rule solely on the duplicity of the notice in form.

It was suggested, however, on the argument of this case, that, upon final judgment in a cause, the right of interlocutory appeal ceases; and that therefore so much of the notice of the·

present appeal as relates to the order overruling the demurrer might be held void and treated as surplusage.

*Parker v. McAvoy* establishes the rule that the right of appeal from interlocutory orders does not survive the right of appeal from the judgment. The rule went as far as it was necessary to go in that case; but the question was not then before the court, and is not passed upon, whether the right of interlocutory appeal survives the judgment itself.

The statute requires the court, upon appeal from judgment, to review interlocutory orders involving the merits and affecting the judgment (Tay. Stats., ch. 139, § 6); and not to reverse the judgment for errors in other orders. R. S., ch. 125, sec. 40.

From orders involving the merits and affecting the judgment, appeals after judgment are therefore unnecessary. Separate appeals from such orders, after judgment, would be litigious and oppressive. If they could properly be taken, and should be taken pending appeal from the judgment, they would be dismissed. *Young v. Groner*, 22 Wis., 205. The appropriate appeal is from the judgment, bringing here for review all such orders as well as the judgment itself.

And from orders not involving the merits or affecting the judgment, appeals after judgment are made unavailing for any legitimate purpose. *Bonnell v. Gray*, 36 Wis., 574, and many cases there cited. The rule in *Young v. Groner* seems to have been overlooked in that case. It would be a vicious construction of the statute to uphold appeals after judgment from interlocutory orders "which are matters of practice, which might have been questioned before judgment, but which are errors, if erroneous, for which the judgment could not be reversed." *Bonnell v. Gray*.

It is true that the only express limitation put by the statute upon interlocutory appeals is, that they must be taken within thirty days after notice; but, following the course of reasoning in *Parker v. McAvoy* and in *Jarvis v. Hamilton*, 37 Wis., 87, we cannot but hold that the statutory provisions cited (ch. 139, sec.

6, and ch. 125, sec. 40) operate to determine the right of interlocutory appeal upon final judgment; that the review of interlocutory orders upon appeal from judgment in the one case, was intended to supersede appeals from such orders after judgment; and that prohibiting reversal of judgments for errors in interlocutory orders, for which the orders themselves might have been reversed before judgment, in the other case, was intended to prohibit appeals from such orders after judgment. This appears to be the fair and just construction of the several provisions of the statute, considered together.

But appeals from interlocutory orders after judgment are not mere nullities. They stand upon the same footing as appeals from other orders and proceedings not appealable, are operative until dismissed, and are dismissed with judgment for costs. *Cronckhite v. Ellefson,* 9 Wis., 252; *Lansing's Appeal,* 10 id., 120; *Rahn v. Gunnison,* 12 id., 528; *State v. Mushied,* id., 561; *Vincent v. Wellington,* 18 id., 159; *Fairchild v. Dean,* 13 id., 329; *Waldo v. Rice,* 18 id., 404; *Roby v. Hudd,* 22 id., 638; *Ernst v. Steamer "Brooklyn,"* 24 id., 616; *Noonan v. Orton,* 30 id., 609; *S. C.,* 32 id., 104; *State v. Fond du Lac,* 35 id., 37; *Crerar v. Railway Co.,* id., 67; *Saveland v. Green,* 36 id., 612; *State v. Pierce,* id., 646; *Noble v. Strachan, Fehring v. Swineford, Parker v. McAvoy, Jarvis v. Hamilton, supra. Moore v. Cord,* 13 Wis., 413, holds the same rule, though falling into the manifest mistake of dismissing the appeal with partial costs only.

If the appellant here had taken a separate appeal from the order overruling the demurrer, we should have held it ill taken for the reasons already stated, and have dismissed it with judgment for costs, according to the well established rule of the court. It would not have been a nullity. And it cannot be held a nullity in the notice of this appeal. It is an appeal ill taken, but it is an appeal, and operates to make the appeal double. There are here an order and a judgment; and the appeal from them is more clearly double than the appeal in *Fehring v. Swineford.*

We regret the necessity of dismissing this appeal, because it presented interesting questions, ably discussed at the bar; but the authorities leave us no choice. It is not so important what the rule is, in practice, as that the rule should be clear and uniform. And double appeals, in any form, cannot be upheld.

*By the Court.* — The appeal is dismissed, with costs.