HUBBELL vs. McCOURT and others, imp.

*No appeal to this court from chamber order.*

Sec. 19, ch. 264 of 1860, as amended by sec. 2, ch. 139 of 1861 (Tay. Stats., 1641, § 25), which purports to authorize appeals to this court in certain cases from orders of a circuit judge at chambers, is invalid. The appellate jurisdiction conferred on this court by the constitution, was designed only for a review of the decisions of *courts.*

APPEAL from the Circuit Court for *Taylor* County.

This was an appeal from an order of the circuit judge at chambers, modifying an injunctional order made by the court in this action. The appeal was brought under the provisions of sec. 19, ch. 264, Laws of 1860, as amended by sec. 2, ch. 139, Laws of 1861. This section, as amended, reads as follows:

"Upon an order made by a circuit court, or by a circuit judge, in an action now pending or hereafter commenced, discharging an attachment or denying, dissolving, vacating or modifying an injunction, the party interested in continuing the attachment, or in procuring or continuing the injunction, may give immediate notice of appeal to the opposite party, and may, within three days thereafter, tender to such opposite party a written undertaking, with sufficient surety, in such sum as the court or judge shall direct, conditioned to pay all costs and damages which may be sustained by such party, in case the appeal shall be decided in his favor; and thereupon the court or judge shall make an order continuing the attachment, and in its discretion may make an order granting the injunction asked for, or continuing it as originally granted, until the decision of the appeal, unless the opposite party shall, at any time pending such appeal, give a written undertaking, with sufficient surety, in the amount to be fixed by the court or judge, to abide and perform the judgment in the action if it shall be in favor of the appellant; *provided*, that the court shall discharge such last mentioned order, if it shall appear at any time that such appeal is not diligently prosecuted; and such want of diligence shall be deemed *prima facie* evidence of a breach of the conditions of the appellant's undertaking; *and provided, further*, that, on notice of appeal being given, all proceedings under and in pursuance of the order appealed from shall be stayed until the time allowed to the appellant to tender his undertaking to the opposite party shall have expired, or such undertaking shall have been tendered."

The cause was submitted on the brief of *Barnes & Cavanagh* for the appellant, and that of *Jones & Sanborn* for the respondents.

TAYLOR, J.   Sec. 19, ch. 264, Laws of 1860, as amended by sec. 2, ch. 139, Laws of 1861, undoubtedly provides for an appeal directly to this court from an order made by a circuit judge at chambers.   And the appeal in this case is from the order made by the judge at chambers, and not from an order of the circuit court.

It becomes an important question, and one which this court must determine, whether the legislature has the power, under the constitution, to compel this court to take jurisdiction of and determine appeals taken from orders made by judges or other officers out of court; in other words, whether this court has appellate power under the constitution in case of appeals from the acts of persons acting as judicial officers or otherwise, as distinguished from the judgments or orders of courts created by the constitution and the laws.

The fact that this statute, giving the power to bring such appeals to this court, has been in existence for more than eighteen years, and that this is the second appeal under its provisions (the first being the case of *Punch v. The Town of New Berlin*, 20 Wis., 189), is pretty strong proof that the general judgment of the bar of the state is against its validity, and that the intimation of the court in that first case that its constitutionality was questionable, has received the implied assent of the bar of the state.   In the case of *Moore v. Cord*, 13 Wis., 413, the late learned Chief Justice DIXON, in the opinion, speaks of the law authorizing such appeal as being in existence, without commenting upon it or suggesting its invalidity.   Although, from the language of the chief justice in that case, it might be inferred that the court had had under consideration this section, and that, in his opinion, an appeal in a case coming within its provisions might be brought di-

rectly to this court from an order made by the judge at chambers, it is evident that such language was used with reference to the construction of the terms of the section, and not at all in reference to the power of the legislature to confer upon this court an appellate jurisdiction from such orders.

In this case, the parties, by their counsel, have not seen fit to question the power of this court to hear and determine this appeal; but we are not disposed to usurp a power which is not conferred upon us by the constitution, even though the parties interested may waive their constitutional rights and agree to accept our decision as final in the pending case. This court has an abundance of labor to perform in the discharge of those duties which are conferred upon it by the constitution, and the laws made in conformity therewith, without assuming other burdens, not sanctioned by the constitution, and which may be attempted to be imposed upon it by legislation in violation of the constitutional limitations upon its powers.

The constitution of this state, art. VII, sec. 3, provides, that " the supreme court, except in cases otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coëxtensive with the state; but in no case removed to the supreme court shall a trial by jury be allowed. The supreme court shall have a general superintending power over all inferior courts." This is the only provision of the constitution in any way defining the appellate power of this court; and we are inclined to hold that the appellate power here spoken of was clearly intended to, and does, limit such power to appeals taken from the judgments and orders of such courts as are recognized and established by the constitution and the laws, and that it cannot be extended to the acts or decisions of officers or persons not acting as a court.

The appellate jurisdiction spoken of in the constitution is evidently that kind of appellate jurisdiction which had theretofore been exercised by the highest judicial tribunals of the respective states, and not an unlimited appellate jurisdiction

over any matter or thing arising either in courts or out of courts, which the wisdom or folly of any future legislature might see fit to confer or impose upon it.

Without stopping to make any extended investigation, it is safe to say that it will be difficult to find that any court of last resort in any of the states had, at the time of the adoption of our constitution, ever exercised an appellate jurisdiction over orders made, in actions or otherwise, by judges at chambers or out of court; and it is equally safe to say that the framers of our constitution, when conferring appellate jurisdiction upon this court, intended that such jurisdiction should be limited to the judgments and orders made by the courts of the state.

It would seem absurd to confer such jurisdiction when, by the well established rules and practice of all courts, the orders of their judges made at chambers or out of court were always subject to be reversed, set aside or modified upon application to the court in which the action was pending in which such orders were made. *King v. Myers*, 5 Dowl., 686; *King v. Price*, 2 id., 233; *Stainland v. Ogle*, 3 id., 99. In this state, previous to the enactment of ch. 264, Laws of 1860, the rule was to appeal from the order made at chambers to the court in which the action was pending. *Starkweather v. Hawes*, 10 Wis., 126; sec. 11, ch. 139, R. S. 1858. Since that time, the practice is to move the court to set aside or modify the order made by the judge at chambers. *Eaton v. Gillett*, 16 Wis., 546; *Moore v. Cord*, 13 id., 413. There can be no doubt of the power of the court in which an action or proceeding is pending, to vacate, modify or reverse any order made in such action or proceeding out of court, either by the judge of such court or by any other officer; and it would seem highly proper that this power should be exclusive in the court which has control of the proceedings in the action. These orders do not dispose of the merits of the action, but generally relate to matters of practice regulating the conduct

of the case, and in some cases control the parties to the action in the management or disposition of the property or rights which are in litigation, *pendente lite;* and it would seem eminently proper that the court in which the action is pending should first settle all orders of this kind, before an appeal to this court should be allowed. This argument of convenience and propriety is not binding upon the legislature where there is no question as to its power to disregard what is convenient and proper; but it may have some weight in determining the question of power, especially in a case where the power is doubtful.

To hold that the power exists in the legislature to compel this court to take jurisdiction of appeals from orders not made by any court, would, by indefinitely extending the right of appeal, greatly embarrass its proceedings, and hinder and delay it in its determination of those strictly judicial matters which were the sole object of its creation. We must, therefore, both for the protection of this court and in the interest of public justice, hold that the constitution limits the appellate power of this court to the judgments and orders of courts, and that "orders" made by judges or other officers out of court cannot be the subject of review in the first instance in this court.

We adopt this conclusion the more readily from the fact that the late revisers, as an expression of the general opinion of the bar of this state, omitted this provision from the revised laws, as both unnecessary to promote the ends of justice and of very doubtful constitutionality. See sections 3061–3069, R. S. 1878.

The absurdity of allowing an appeal in a case of this kind is illustrated by this case. The record shows that the circuit court made an order granting an injunction in the case; the defendant, not being satisfied with that order, takes a proceeding in the nature of an appeal to the judge out of court, and the judge out of court modifies the order of the court; then

the plaintiff appeals directly from that order to this court. We think the natural and only way of reviewing the order made by the judge out of court is to first bring the matter before the court in which the action is pending, for its consideration; and then, if either party is dissatisfied with the final judgment of that court, he may appeal to this court. It is not a legitimate course of proceeding to appeal from an order of court down to the judge of the court, and then from the order of the judge to this court. This is a reversal of the natural order of proceedings in the conduct of judicial investigations, and one which this court refuses to sanction.

*By the Court.* — This court, having no jurisdiction of the appeal in this case, orders the same to be dismissed, without costs. '

RYAN, C. J. In the opinion of the court in this case, Mr. Justice TAYLOR remarks that *Punch v. New Berlin*, 20 Wis., 189, was the only previous appeal to this court from an order of a judge at chambers. When that statement was made, vol. 43 of the reports had not been published, or not examined by the learned judge. He subsequently found that *Platteville v. Railroad Co.*, 43 Wis., 493, in which the court took jurisdiction, appeared to be an appeal from a judge's order at chambers; and the record of the case verifies the report.

That case was very elaborately argued at the bar and very deliberately considered by the court, upon the merits. But no suggestion was made at the bar, no impression was entertained by the bench, that the appeal was not from an order of the circuit court itself. The case was decided under the impression that the appeal was from an order of the court. This is sufficiently indicated in the opinion in this passage: " It will be thereupon the duty of the court below to exercise its authority, as far as it can, towards repairing the wrong which its error has permitted."

The fact that the appeal was from an order made at cham-

bers was completely overlooked. Had it been within the knowledge of the court, the appeal would undoubtedly have been dismissed. For all the judges then upon the bench had repeatedly expressed to each other the opinion that the statute was invalid to give this court jurisdiction of appeals from orders made at chambers; that the constitution confined the appellate jurisdiction proper of this court to orders, judgments and proceedings of courts only.