UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant, vs. WAUKESHA LIME & STONE COMPANY, Respondent.

*December 8, 1937—January 11, 1938.*

Richard B. Johns of Waukesha, attorney, and John C. Love of Milwaukee of counsel, for the appellant.

For the respondent there was a brief by Jacobson & Malone, and oral argument by Richard S. Hippenmeyer and M. A. Jacobson, all of Waukesha.

ROSENBERRY, C. J.   By the amended complaint it was alleged that on May 29, 1930, the plaintiff's assignor, as trustee of Charles I. Pember, delivered two $1,000 bonds of the defendant corporation, which were the property of the estate to H. M. Halverson, since deceased, who was then the president and general manager of the defendant, for the use and benefit of the defendant, and that the defendant promised and agreed to pay to the trustee the face amount of said bonds and accrued interest not later than June 16, 1930, the obligation being evidenced by a written promissory note and receipt.

The amended answer of the defendant denied the authority of Halverson to represent the defendant in the transaction, and as an affirmative defense alleged that the defendant purchased the bonds from Halverson personally, and paid Halverson for them.   At the close of the plaintiff's case defendant moved for a nonsuit.   The court reserved its ruling on the motion.   Thereupon the defendant examined two witnesses, and then renewed the motion, whereupon the court ruled:

"Let the record show in this matter that at this point the court on its own motion continues this matter without date pending a determination of the motion for nonsuit at the

close of the plaintiff's case, which motion has just been renewed, and further proceedings, if any, will depend upon the decision of the court upon the motion for nonsuit."

The court thereupon directed judgment for the defendant, and filed findings of fact and conclusions of law, taking into consideration the evidence introduced on behalf of the defendant. In attempting to justify this procedure the defendant claims that:

"Every finding made by the trial court was based squarely upon the evidence presented by the plaintiff before the defendant's motion for nonsuit, with the single exception that Breese had definite knowledge of the signatures required for a valid company note. That exception was testified to by Breese himself and thus he was not prejudiced by being unable to rebut the testimony. In a case of this nature tried before the court, without a jury, the court has full power to take into consideration all of the evidence which has come before it where that evidence could not later be rebutted and make its findings thereon."

This is an attempt to justify a novel and irregular procedure. No opportunity was given to the plaintiff to rebut the effect of the Breese testimony, and it is quite apparent from the record and briefs of counsel that this case has never been tried, nor has the plaintiff ever been given an opportunity to present its full case.

In *Jackson v. Bellevieu* (1872), 30 Wis. 250, 259, it was held that the motion for a nonsuit made at the close of the testimony should have been granted. The court said:

"It is not common perhaps to move for or for the court to direct a nonsuit after the evidence in behalf of the defendant is in, but it is well settled that such practice is proper. *Cutler v. Hurlbut,* 29 Wis. [152], and the authorities there cited. If such motion had been made when the plaintiff rested his case, it should have been granted, and it was proper and ought to have been granted at the time it was made."

In that case, however, there was a full trial. The plaintiff had closed his case. In this case the trial court rested its determination upon the evidence offered and received on behalf of the plaintiff as supplemented by evidence offered and received on behalf of the defendant without permitting the plaintiff to close its case.

It is considered that this was error and resulted in a mistrial. We shall not discuss other matters presented, for the reason that they may not be presented again in the same way upon another trial.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to grant a new trial.