WILGUS <i>et al</i> v. GETTINGS <i>et al.</i>

1. Appeal: JURISDICTION: WAIVER. When an appellate court has jurisdiction of the subject matter, a mere irregularity in the taking of an appeal or the giving notice thereof, is waived by the voluntary appearance of the appellee.

<i>Appeal from Marshall District Court.</i>

TUESDAY, JUNE 20.

THIS suit was originally commenced before a justice of the peace, where, on a jury trial, the plaintiffs recovered judgment for six dollars. This trial appears by the justice's transcript to have been commenced on the 29th day of December, 1863, and there is nothing to show that it was not concluded on that day. The verdict and judgment, as stated in the transcript, follows the impanneling

of the jury without other date being given. The defend-ants gave notice of appeal on the day and at the close of the trial, the giving of which notice was entered in the justice's docket.

On the 20th day of January, 1864, the defendants filed their appeal bond before the justice, who approved the same, and immediately sent the transcript and papers to the District Court.

At the August Term, 1864, of the District Court, the plaintiffs appeared and filed their affidavit and motion for continuance, which was resisted by defendants, but finally granted by the court, at costs of plaintiffs; and judgment was rendered against them for the costs.

At the April Term, 1865, the plaintiffs again appeared and moved to dismiss the appeal, because it was not taken and perfected within twenty days from the rendition of the judgment by the justice. This motion was overruled by the court, to which plaintiffs excepted, and refused further to prosecute their cause; whereupon judgment was rendered against plaintiffs for costs, taxed at ninety-two dollars. From this judgment the plaintiffs appeal, and assign the refusal to dismiss the appeal as the only error.

*Henderson & Boardman* for appellants.

*L. W. Griswold*, and *Bradley & Caswell* for appellee.

COLE, J. — There was no error in the action of the Dis-trict Court. The appearance of the appellees (plaintiffs) in the District Court and voluntarily submitting themselves to its jurisdiction and obtaining a con-tinuance of the cause was a waiver of any defect or irregularity in the statutory means of requiring such appearance or obtaining jurisdiction of their persons.

1. APPEAL: jurisdiction: waiver.

The District Court had jurisdiction of the subject mat-ters of the suit, and could acquire and exercise such

jurisdiction upon appeal, and a mere irregularity in taking such appeal, or in giving notice thereof, could not, after appearance and taking steps in the cause by appellees, defeat such jurisdiction. If the plaintiff had at the first term appeared for the purpose and moved to dismiss the appeal, it would not have been error to sustain the motion.

This case is very different from *Kimble* v. *Riggin*, 2 G. Greene, 245. In that case there was no judgment of the justice, and hence no appeal could be taken. Such was also the case in *Brown* v. *Scott*, 2 Id. 455; and in *Guthrie* v. *Humphrey*, 8 Iowa, 23. The case of *Chapman* v. *Morgan*, 2. G. Greene, 374, is not in conflict with our view in this case. In that case it was *held* that where a court could not, *by any process*, acquire jurisdiction of the subject matter, legal jurisdiction could not be conferred by appearance and consent. In other words, where a court has not jurisdiction under the *law* it cannot acquire it by *consent.*

Where a court has jurisdiction of the subject matter, a mere irregularity in the process or its service will not prevent its exercise, where there is voluntary appearance. By such appearance the purpose and object of the process, or other means of enforcing appearance, is accomplished, and hence such process is rendered unnecessary. This is especially true under our Revision, see § 2840; *State Bank* v. *Van et al.*, 12 Iowa, 523.

Affirmed.