BOSTWICK et al., Respondents, v. KNIGHT et al., Appellants.

1. Appeal—Chambers Order—Method of Review.

An appeal will not lie from the order of a district judge restraining the foreclosure of a chattel mortgage by advertisement. If it were reviewable as affecting a substantial right, it would first be necessary to move the court for its vacation, and appeal from the order of the court refusing so to do, under subdivision 5, § 23, c. 20, Laws 1887, providing for appeals from orders of the district court vacating or refusing to set aside orders made at chambers in case such order would have been appealable if made by the court.

2. Same—Procedure—Bill of Exceptions Necessary.

A party desiring to review an order in such a case must have, settled and allowed by the judge, a bill of exceptions relating thereto, or there will be no record on which the supreme court can act, and the appeal will be dismissed.

(Argued May 8, 1888; decided May 9; opinion filed October 1, 1888.)

An appeal from an order of Hon. JAMES SPENCER, Judge, Fifth district.

Subdivision 5, § 23, Laws 1887, provides that an appeal may be taken "from orders made by the district court, vacating or refusing to set aside orders made at chambers, where, by

the provisions of this act, an appeal might have been taken in case the order so made at chambers had been granted or denied by the district court in the first instance."

*M. O. Little, G. W. Hawes,* and *R. H. Brown,* for appellants.

*L. W. Crowfoot, C. S. Palmer,* and *J. H. Owen,* for respondents.

CARLAND, J.   On the 3d day of December, A. D. 1887, the Honorable JAMES SPENCER, presiding judge of the Fifth judicial district of this territory, pursuant to an order to show cause previously granted in the above-entitled proceeding, made an order at chambers, enjoining the said George W. Hawes and Robert F. Gibson, Jr., their agents, attorneys, and assigns, from foreclosing, by advertisement, a certain chattel mortgage, given by said respondents to said Hawes and Gibson; and further ordering that all further proceedings for the foreclosure of said mortgage be had in the district court in and for the county of Roberts.   This order was made in pursuance of chapter 62, Laws 1883.   From said order the appellants appealed to this court.

The respondents moved that said appeal be dismissed, for the reason that said order is not an appealable order, and for the further reason that, if the order is appealable, no bill of exceptions was ever settled in said proceeding.

It is our opinion that said appeal must be dismissed for both of the reasons mentioned; and, as the points raised involve questions of practice, we will express an opinion on both points, rather than dispose of the case on a single point. Without deciding whether this order would have been appealable had it been made by the court as an order affecting a substantial right, or finally determining the proceedings, we are clearly of the opinion that said order cannot be reviewed on this appeal.   The order appealed from was clearly a chambers order, which, if appealable, had it been made by the court, could not be reviewed on appeal under the provisions of sub-

division 5, § 23, c. 20, Laws 1887, without first moving the court to vacate the order, and then appealing from the order of the court refusing so to do.

Attached to the order appealed from, and sent to this court with this appeal, are numerous papers certified by the clerk of the district court of Roberts county to be the original papers upon which the order was granted. No exception appears to have been taken to the granting of the order appealed from, and no bill of exceptions appears among the papers transmitted to this court. It will therefore be plainly seen that there is no record presented upon which this court can act. Appellants contend that by virtue of section 2, c. 21, Laws 1887, providing that certain decisions and orders therein mentioned shall be deemed to have been excepted to, relieve the appellants from the necessity of having a bill of exceptions allowed and settled by the judge making the order. This is taking an erroneous view of the section above quoted. That section was no doubt enacted for the benefit of parties who, through inadvertence or other cause, should fail to take an exception to the orders or decisions therein mentioned, when they were present, and also for those parties who should be absent when the order or decision was made or rendered. It is still just as essential to have the exception settled by the judge making the order or rendering the decision, by incorporating into the record all papers and evidence upon which the decision or order is based, as it was before the enactment of said section. In cases where an order or decision is deemed to have been excepted to for the reason that it was made or rendered *ex parte*, or in the absence of the party, the certificate of the judge in settling the bill must show the existence of such a state of facts as would bring the party appealing within the provisions of the section referred to. *Lamet* v. *Miller*, 11 Pac. Rep. 745; *Purdum* v. *Taylor*, 9 Pac. Rep. 607; *Guthrie* v. *Phelan*, 6 Pac. Rep. 107.

If the profession would keep in mind the fundamental idea that, in the absence of statute, the judge who presides over the proceeding, which results in the making of an order or rendi-

tion of a decision, is the only authority that can authenticate a record for the use of this court, it would save great delay to clients, and annoyance to the appellate tribunal. Appeal dismissed. All concur.