HOLDEN v. HASERODT et al.

1.  Where the appellate court has jurisdiction of the subject-matter. a vol-untary appearance by the respondent, and taking steps in the cause in the appellate court, is a waiver of a mere irregularity in the service of the notice of appeal.
2.  An order made by a judge within the limits of his own circuit, in an ac-tion in another circuit, on account of the absence of the judge of the latter circuit, is an order of the judge, and not of the court, and is not appealable.

(Syllabus by the Court.   Opinion filed June 25, 1891.)

Appeal from circuit court, Custer county.   Hon. CHARLES M. THOMAS, Judge.

Motion to dismiss appeal.   Allowed.   No briefs filed.

W. G. Porter for appellant.

Martin & Mason for respondent.

KELLAM, P. J.   On the 30th day of January, 1891, upon affidavits showing presumably justifying facts, and that Hon.

JOHN W. NOWLIN, the judge of the seventh circuit, within which was laid the venue of this proceeding, to-wit, Custer county, was absent from said circuit, an alternative writ of *mandamus* was issued, signed as follows: "Witness my hand as judge of the eighth judicial circuit court of the State of South Dakota, in and for the county of Lawrence, this 30th day of January, A. D. '1891." CHARLES M. THOMAS, Judge." Afterwards, at the City of Deadwood, Lawrence county, in said eighth judicial circuit, before the judge of said circuit, defendants moved to quash said alternative writ upon due notice, and for causes stated, which motion was overruled, and such proceedings thereupon had as that a peremptory writ of *mandamus* was issued, directed to said defendants, fully reciting the grounds therefor, and that said JOHN W. NOWLIN, the judge of said seventh circuit, within which said Custer county was situate, was absent from said circuit, and signed as follows: "Witness my hand, as judge of the eighth judicial circuit court of the State of South Dakota, at Deadwood, this 13th day of March, A. D. 1891. CHARLES M. THOMAS, Judge." Afterwards defendants served upon plaintiff's attorneys, on the 18th day of March, and upon the clerk of the circuit court for said Custer county on the 15th day of April, 1891, a notice of appeal to this court "from the judgement and peremptory writ of *mandamus* therein made on the 13th day of March, 1891, at the city of Deadwood, and entered on the 15th day of April, 1891, at Custer City, in the State of South Dakota;" and also "from the order rendered in said action and proceeding on the 13th day of March, 1891, overruling the motion to dismiss and quash the alternative writ of *mandamus*." On the 23d day of April, 1891, respondent's attorney served upon appellants' attorneys a written notice, presumably under Rule 4 of supreme court rules, that respondent would insist on a hearing and trial of the appeal at the April term of said supreme court.

The case is now before us on motion of respondent to dismiss the appeal for the reason that the notice of appeal was not served on the clerk of the court below until long after the service of said notice upon the attorneys of respondent; and,

further, that no abstract or brief has been served or filed here-in, and no transcript, judgment roll, or papers upon which the order herein was granted have been transmitted to this court by the appellants herein; and for the further reason that the order and writ of *mandamus* appealed from is not appealable. We think that, when respondent made a full and unqualified appearance in this court, and served notice that he would insist upon trial and argument of the appeal at the April term of this court, he waived the irregularity, if there was any, in the service of the notice of appeal. This court has jurisdiction of the subject matter, and could exercise such jurisdiction upon appeal, when it had jurisdiction of the parties. Even if the service of the notice of appeal, as made, was not a proper service,—upon which we express no opinion,—the voluntary appearance of respondent, and submission to the jurisdiction of this court, by taking steps in the cause in this court, cured such irregularity. Wilgus v. Gettings, 19 Iowa, 82; Hohmann v. Eiterman, 83 Ill. 92; Railroad Co. v. Mara, 26 Ohio St. 185.

A more serious question is presented by the objection that the subject of this appeal is an order of the judge, and not of the court, and is therefore not appealable. The facts presented by the record, and which are undisputed, are that the action was commenced in Custer county, which is in the seventh judicial circuit, of which Hon. J. W. NOWLIN is judge; that, on account of his absence from his circuit and from the state, the application for the alternative writ of *mandamus* was made to Hon. C. M. THOMAS, judge of the eighth circuit, at Deadwood, in said eighth circuit, the subsequent proceedings were had before him in the said eighth circuit, and the order appealed from was so made. Respondent contends, as we recollect,—this being a motion orally argued, we have not the benefit of counsel's briefs,—that the allowance of the peremptory writ was by its terms the act of the judge, and not of the court, and, further, that such order, made at Deadwood by Judge THOMAS, could not, even if so designed, have the effect of a court order, for Judge THOMAS could not in his own circuit hold a court for the seventh circuit. Section 1, Chapter 79, Laws 1890, is as

follows: "It is hereby made the duty of the several circuit court judges of this state, when not otherwise officially engaged, to hold terms of court in circuits other than those to which they have been elected, and to hear and determine at chambers any motion, application, or special proceeding arising in such other circuit, upon the request of the judge of any circuit in which any cause, motion, application, or special proceeding is at issue or pending, in which the judge of such circuit is interested, disqualified, or from any cause whatever unable to act; also to hold such terms and to hear and determine all such matters at chambers, in case of the temporary absence or removal of any judge from the circuit to which he may have been elected." Under this section Judge THOMAS might, in the absence from the state of Judge NOWLIN, hold court for him in his circuit, or he might at his own chambers, in his own circuit, hear and determine this application for *mandamus;* for by Section 5534, Comp. Laws, it is provided that writs of *mandamus* may be issued by the judge, and heard and determined by him in vacation. The order allowing the writ in this case must be regarded, as it was evidently intended to be, an order of the judge, made under the power conferred by the two sections last referred to, and as such it was not an appealable order. Bostwick v. Knight, 5 Dak. 305, 40 N. W. Rep. 344; Bank v. Smith, (S. D.) 44 N. W. Rep. 1024. We can appreciate the embarrassment of appellants in being subject to an order which they desire to have reviewed, but from which they could not appeal until presented to and passed upon by a court whose judge was necessarily and excusably absent, and with no feasible means of securing a court to be held in such circuit by an imported judge; but the provisions of the law and their effect seem plain, and we see no way to avoid a dismissal of the appeal for the reason stated, and it is so ordered, all the judges concurring.

Reporter: A rehearing was granted in this case by the court September 15th, 1891. Upon the rehearing the court adhered to the views expressed in the foregoing opinion. (51 N. W. 340.)