## BLACK HILLS FLUME AND MINING CO v. GRAND ISLAND & W. C. R. CO.

1. When the circuit judge within his circuit, grants an order to show cause why an order of injunction should not be made, returnable before himself, and concludes the order with the words, "done in chambers," and makes an order of injunction reciting that "the judge of said court, having considered the return," etc., and concludes with the words, "done at chambers at Custer City," etc., *held*, that such an order will be considered by this court a judge's, and not a court, order. *Held, further*, that such an order made by the judge is not appealable.

2. Section 4828, Comp. Laws, providing that the circuit courts "are always open for the purpose of hearing * * * motions and applications, of whatever kind or character, * * * and of which the district (circuit) courts have jurisdiction, * * * and all such * * * motions and applications may be heard and determined at any place within the" circuit, does not have the effect of repealing statutes especially conferring upon the judge authority to make orders as such judge; and the judge may still make such orders as a judge, if he deems it proper to do so.

3. This court is not authorized by either the law or the constitution to review an order made by a judge; and therefore, in all cases when an order has been made by a judge that could be made by the court, a motion must be made to the court to vacate or set aside the order, as provided in Subdivision 5, § 5236, Comp. Laws, before a review can be had in this court.

(Syllabus by the Court.   Opinion filed March 2, 1892.)

Appeal from circuit court, Pennington county. Hon. JOHN W. NOLIN, Judge.

Action in trespass for damages and injunction. Temporary injunction granted and upon order to show cause made permanent. Defendant appeals. Appeal dismissed.

The facts are fully stated in the opinion.

*N. K. Griggs, Chancey L. Wood* and *Charles J. Buell,* for appellant.

This is an appealable order. §§ 4984, 4987, 4989, 4991, 5227, 5228 and 5236, Comp. Laws. Bostwick v. Knight, 40 N. W. 344, should be overruled. An action of trespass or ejectment would afford plaintiff adequate relief, and an injunction should not be granted. Railroad v. Railroad, 75 Ala. 275; 1 High on Injunction, 629; § 4985, Comp. Laws; Banlo v. Railroad, 55 Ala. 480. An act in violation of constitutional provisions give rise to a cause of action which must be enforced under existing statutes and laws. Cooley's Cons. Lim. p. 99; U. S. v. Reese, 92 U. S. 214. The owner of the land in this case, by bringing this action for damages, elected to permit the railroad company to take the land under eminent domain, and waived all rights to an injunction. Cohen v. Railroad, 8 Pac. 138; 34 Kan. 158; U. S. v. Great Co., 112 U. S. 646.

*Martin & Mason,* for respondent.

This is not an appealable order. National Tube Co. v. Chamberlain, 5 Dak. 61; Hlawacek v. Bohman, 51 Wis. 92; Hayne New Trial and App. 3 § 283; §§ 4828, 5236, Comp. Laws; Territory v. Shearer, 8 N. W. 135; Benedict v. Ralya, 46 N. W. 188; Sellers v. Co., 36 Wis. 398; Bostwick v. Knight, 40 N. W. 344; Moore v. Cord, 13 Wis. 461; Hubbel v. McCourt, 44 Wis. 584. Art. 5, Sec. 2. Const. S. D.

The appellate court will not interfere with the action of the lower court unless it has clearly abused its judicial discretion. 2 High Inj. § 1696; Meade v. Anderson, 40 Kan. 203, 19 Pac. 708; Fusion v. Co., 6 N. W. 7; De Godey v. Godey, 39 Cal. 157, 166; 50 Cal. 344; Strasser v. Moonelis, 108 N. Y. 611; 15 N. E. 730.

The defendant's answer is not a sufficient denial to warrant the dissolution of a temporary injunction. 2 High on Inj. §§ 1505, 1508, 1475; Kelly v. Briggs, 12 N. W. 299.

By instituting condemnation proceedings against the premises in question, defendant is estopped to deny plaintiff's ownership or assert it in itself. § 3000, Comp. Laws; Lewis Em. Dom. § 441; Railroad v. Hayes, 13 Neb. 489; Railroad v. Gerrard, 17 Neb. 587; 24 N. W. 279; Co. v. Haggart, 12 Pac. 215; Wilcox v. Railroad, 29 N. W. 148; Railroad v. Lawic, 63 Ill. 264; Railroad v. Railroad, 87 Ill. 317; Railroad v. Tecters, 68 Ill. 144. Sec. 13, Art. 6, and Sec. 18, Art. 17, Const. S. D., entitles plaintiff in this case to an injunction. Wayne v. Railroad, 38 O. St. 32; Cooley, Const. Lim. 101.

CORSON, J. The judge of the seventh judicial circuit issued an order to show cause why an injunction order should not be granted, returnable before himself at Custer city, within his circuit. On the day designated in the order to show cause the defendant filed its answer, and a hearing was had, resulting in the granting of the order of injunction as prayed for in the complaint. The order of injunction concludes as follows: "Done at chambers at Custer City, in the State of South Dakota, this 9th day of September, 1890. JOHN W. NOWLIN, Judge of the Seventh Judicial Circuit of the State of South Dakota." From this order the defendant has appealed

to this court, no motion having been made to the court below to vacate or set aside the order. Respondent moved this court to dismiss the appeal on the ground that this court has no jurisdiction of an appeal from an order of the judge made at chambers; the statute only authorizing appeals from judgments and orders made by a court.

Section 5236, Comp. Laws, provides that "the following orders, when made by the court, may be carried to the supreme court; * * * (3) When an order grants, refuses, continues, or modifies a continual remedy, or grants, refuses, modifies, or dissolves an injunction. * * * (5) Orders made by the district court vacating or refusing to set aside orders made at chambers, when by the provisions of this act an appeal might have been taken in case the order so made at chambers had been granted or denied by the district court in the first instance." By Section 4984 it is provided that "the writ of injunction, as a provisional remedy, is abolished, and an injunction by order is substituted therefor. The order may be made by the court in which the action is brought, or by a judge thereof. * * * It will thus be seen that the order from which this appeal was taken could have been made by the court in the first instance, and that, had a motion been made to the court below to vacate or set aside the injunction, the order granting or denying such motion would clearly have come within the provisions of Subdivision 5, § 5236, above quoted.

It is contended by the learned counsel for appellants (1) that the order appealed from, though made as a judge's order, is substantially a court order, as Section 4984 provides that the order "when made by a judge, may be enforced as the order of the court;" (2) that the only power conferred upon a defendant to move for the vacation or modification of such an order is conferred by Section 4991, which provides that "if the injunction be granted by a judge of the court without notice, the defendant, at any time before the trial, may apply, upon notice, to a judge of the court in which the action is brought, to vacate or modify the same;" and (3) that by Section 4828 it is provided that "these courts are always open for the purpose

of hearing * * * motions and applications, of whatever kind or character, * * * and of which the district courts have jurisdiction, * * * and all such * * * motions and applications may be heard and determined at any place within the judicial district in which is sitated the county or judicial subdivision wherein the same is brought or is pending," and that, as it appears that this injunction order was granted by the judge within his circuit, it should be treated as a court order, though the judge specially designated it as a chambers order.

The first contention of counsel, that, because the order "may be enforced the same as the order of the court," it is therefore the order of the court, we think is untenable. While no case has been cited that directly involves this question, an analagous case is cited by respondent's counsel upon a section of the Wisconsin statute corresponding with Section 5023, Comp. Laws, which provides that "when the answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or a provisional remedy." In Sellers v. Lumbering Co., 36 Wis. 398, the supreme court of Wisconsin held that such an order was not a judgment, though the order might be enforced by execution. The provision, therefore, that the order of the judge may be enforced as the order of the court. does not, we think, make it the order of the court. It is still the order of the judge at chambers. We are of the opinion, also, that the contention of counsel that, because the defendant is authorized, in case of an order issued by the judge without notice, to apply to the judge, on motion, to vacate or modify the order, that is his only remedy, is untenable. The right of a defendant to move the court to vacate, modify, or dissolve an order of injunction granted by the judge upon notice is not taken away by this provision, but the remedy provided is an additional remedy given to defendants. We discover no reason, therefore, why a motion could not have been made in this case to the court below to vacate, modify, or dissolve this

order, and from its decision an appeal taken to this court.

The last contention of counsel, that, as the court in a circuit is always open for the hearing of motions of which the court has jurisdiction, an order made by the judge in his circuit will be presumed to be made by the court, has been given much consideration, as the question is an important one.   Section 31, Code Civil Proc., (Code 1877,) provided as follows:   "For the purpose of hearing and determining special proceedings of a civil nature, motions for new trials in civil actions, motions for and to dissolve or modify injunctions, motions to set aside or vacate orders of arrest and writs of attachment, and for the entry of orders and judgments, these courts are always open." By Chapter 81, Laws 1887, this section was amended as found in Section 4828, Comp. Laws, and is as follows:   "These courts are always open for the purpose of hearing and determining all actions, special proceedings, motions, and applications, of whatever kind or character, and whether of a civil or criminal nature, arising under the laws of the territory, and of which the district courts have jurisdiction, original or appellate, except issues of fact in civil and criminal actions, and all such actions, special proceedings, motions, and applications may be heard and determined at any place within the judicial district in which is situated the county or judicial subdivision wherein the same is brought or is pending; but issues of fact in civil and criminal actions must be tried in the county or judicial subdivision in which the same is brought, or to which the place of trial is changed by order of the court upon the written consent of the parties to such action, or upon the grounds now or hereafter provided by law; provided, however, nothing in this section contained shall be construed to prevent the judge of any district court from making any order at chambers, at any place within the territory in any matter properly before him. * * *" It will be observed that while, by the terms of this section, the power of judges to exercise the functions of a court is very greatly enlarged, by declaring that the courts are always open for transacting all court business except the trial of issues of fact in civil and criminal actions, it neither enlarges nor

abridges the power of judges to make any and all orders, as such judges, they were clothed with the power of making before the adoption of the amended section. The power of the judges to make chambers orders was not only thus left to the judges, but it was specially reserved to them, as will be seen by the first proviso to the section. It follows, therefore, that the judge may now make a court order at any place within his circuit and at any time, where he possesses the power to make the order either as the court or judge; but he is not required, by the terms of this section, to make such an order a court order, and he can still make it a judge's or chambers order, if he deems it proper to do so. It is therefore left to his discretion whether the order shall be made a court order or chambers order, as the power to determine that question has not been taken from the judge.

The only ground upon which this court could hold that the statute specifically providing that an injunction order may be made by a judge has been abrogated, and is not now in force, is that there is such an irreconcilable inconsistency and repugnancy between the provisions of that statute and the act of 1887, that the two cannot stand together, and that, therefore, the former statute is repealed by necessary implication. If it be clearly apparent by the latter act that the legislature intended to abrogate the former law, no matter whether that intent be expressly stated or not, it must be carried out. If there be a repugnancy between them, so that both cannot be in force, it will be presumed that the legislature intended that the last act should prevail, as the last expression of the legislative will, and that, by passing an act altogether repugnant to the one already existing, it intended to repeal the former. Repeals by implication, however, are not favored, and are never allowed but in cases where inconsistency and repugnancy are plain and unavoidable; and, if it be not clearly manifest, either by an irreconcilable repugnancy or some other means equally indicating the legislative intention to abrogate a former law, both must be maintained. Unless, therefore, there should be a manifest and total repugnancy in the provisions of the new law to lead to

the conclusion that the latter law repealed and was designated to repeal the former, no repeal by implication takes place. Hotter's Dwar. St. p. 155, and cases cited; Suth. St. Const. § 135. See, also, cases cited under latter section.

Is there, then, such an irreconcilable repugnancy between the law conferring power upon the judge to grant an injunction order and the law of 1887, that they cannot stand together? It will be noticed that the act of 1887 does not materially change the law as it has existed since 1877, as to the granting of injunction orders, as by Section 31, Code Civil Proc., it is declared that the courts are always open for "motions for and to dissove or modify injunctions," etc. But, assuming that the provisions of the law of 1887 were entirely new, we are unable to discover any repugnancy between the statutes conferring specifically upon the judges the power to grant injunction orders and the provision declaring the courts always open for the transaction of all court business except the trial of issues of fact in civil and criminal cases. Conferring upon a judge this additional power of making a judge's order a court order, without specifically requiring him to do so, cannot, it seems to us, be held to conflict with or be repugnant to the provisions conferring upon the judge the power to make such an order as judge. By the one statute the judge is authorized to issue the injunction order as a judge; by the other he may make such order a court order. The power to make it as judge is not taken away, and is not inconsistent with his power to make it as a court, if he deems it proper to so make it. This court is unable to find in the provisions of the act of 1887 any intention on the part of the legislature to repeal the specific provisions referred to. That it was the intention of that body that those provisions should remain in force is rather to be inferred from the proviso before referred to. The propriety of leaving such a power in the judge, in certain cases, especially in issuing injunction orders, orders of arrest, etc., within reasonable limits, cannot, we think, be questioned. Many reasons may have suggested themselves to the law-making power for conferring upon the judges the power of issuing orders as such

judges, instead of making them court orders, and of permitting them to continue to exercise such powers. One important one may have been that a judge is frequently called upon to issue an injuction order, order of arrest, etc., to preserve the rights of parties, in the hurry of court business, when he has not the time to give the matter proper consideration. By making the order a judge's order, he reserves the right to review it on motion to vacate, dissolve, or modify it, when he can examine the facts and the law more at his leisure. It would be manifestly unjust to the circuit judge to permit an appeal from such an order without giving him an opportunity of reviewing it. While there might be less reason for such a review in cases where the order is made upon motion, and a full hearing had, yet, the legislature having imposed no limitation upon the power of the judges to make such orders, this court cannot impose any.

We have discussed the question thus far upon the theory that the constitution of the state was silent upon this subject, but there are two provisions of the constitution bearing directly upon this question. The latter clause of Section 14, Art. 5, of the constitution, provides that "they [circuit courts] and the judges thereof shall also have jurisdiction and power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari,* injunction, and other original and remedial writs, with authority to hear and determine the same;" and Section 18 of the same article provides that "writs of error and appeals may be allowed from the decision of the circuit courts to the supreme court under such regulations as may be prescribed by law." It will thus be seen that the legislature could not take from the circuit judges the power to issue injunctions as judges had it attempted to do so. That power, being conferred upon them by the constitution, cannot be taken away by any legislative action; and, as Section 18 provides only for appeals from decisions of the circuit court, it may be a question whether it is competent for the legislature to provide for appeals from the order of a judge, if it desired to do so. When, then, the state constitution and the statute have specifically conferred upon the

court or judge the power to make an order, and the judge deems it proper to exercise the power vested in him by making the order a chambers order, and not a court order, such an exercise of his discretion cannot be controlled by this court.

In this case the judge was specifically clothed with the power to grant the injunction order appealed from as a judge's order, both by the constitution and law of the state, as the section, as we have seen provides: "The order may be made by the court * * * or a judge thereof." That the order in controversy is the order of the judge, and not a court order, is clearly apparent from the record. The order to show cause, on which the order appealed from was made, was made returnable before the judge,—the order being, "let the defendant show cause before me at Custer City," etc,—and was declared to be " done at chambers at Custer City," and the order now being considered recites "that the judge of said court, having considered the return," etc., and concludes with the words, "done at chambers at Custer City," etc. The court cannot presume that the learned judge of the seventh circuit did not understand the full import and force of these terms, as making the order the order of the judge and not of the court; and we must therefore hold that the judge intended to make this order a judge's or chambers order, and not a court order.

Our attention has been called to the cases of Insurance Co. v. Weber, 50 N. W. Rep. 703, and Same v. Mayer, Id. 706, recently decided by the supreme court of the state of North Dakota, in which that learned court seems to have taken a different view as to the effect of the act of 1887 upon orders made by a judge since the passage of that act. Whether or not that court intended to hold that the act repealed the provisions of the former statutes conferring upon judges specifically the power to make judges' orders is not clear from the opinion. But this court in Bank v. Smith, 44 N. W. Rep. 1024, and Holden v. Haserodt, 49 N. W. Rep. 97, (now before us on rehearing, 51 N. W. Rep. 340,) has followed the rule laid down by the late supreme court of the territory in Bostwick v. Knight, 40 N. W. Rep. 344, and the decisions of the supreme court of Wis-

consin, from which state our statute relating to appeals from orders was taken. While that part of the opinion of the learned court in Bostwick v. Knight, holding that an order of the judge could not be reviewed without first moving the court to vacate or set it aside, was not, perhaps, necessary to the decision of that case, yet it nevertheless expresses the views of that court upon that question. We deem it our duty to adhere to the rule laid down in these cases. The judge, therefore, being authorized to make the order in this case as a judge, and having so made the order, no appeal from it lies, under Section 5236, Comp. Laws, which provides only for appeals from court orders. That section not only confers upon this court its power to review orders, but limits its jurisdiction to review to court orders only, and this legislation is in accord with the state constitution. It is a well settled doctrine that there is no common law right of appeal, and that appellate courts have only such jurisdiction over appeals as may be specially conferred by law,—constitutional or statutory. Constitution v. Woodworth, 1 Ill. 511; Edwards v. Vandemack, 13 Ill. 633; Street v. Francis 3 Ohio, 277; Hayne, New Trials, § 181. As neither the constitution of the state nor the statute has conferred jurisdiction upon this court to hear and determine appeals from judges' orders, and as the constitution and the statute have expressly limited the jurisdiction of this court to appeals from judgments and court orders, we are without jurisdiction to hear this appeal, and must therefore dismiss the same. Bostwick v. Knight, 40 N. W. 344, 5 Dak. 305; Bank v. Smith, (S. D.) 44 N. W. Rep. 1024; Holden v. Haserodt, (S. D.) 49 N. W. Rep. 97; Whereatt v. Ellis, 30 N. W. Rep. 520, 31 N. W. Rep. 762, and 68 Wis. 70; State v. Brownell, (Wis.) 50 N. W. Rep. 413.

We deem it proper to take this occasion to say that we think it is the duty of the circuit judge, when making an order in his own circuit, after a full hearing, that can be made by him as a court or judge, and especially such which, if made by the court, would be appealable, to make the same a court order, and not a judge's order. This, we think, will carry out the spirit and intent of the legislature in the adoption of Section

4828.    To make an order, that can be made a court order, a judge's order, in the absence of some controling reason therefor, imposes unnecessary labor and expense upon attorneys and litigants.    The case at bar fully illustrates the hardship.    It appears a full hearing was had upon the order to show cause within the judges own circuit.    What necessity was there, then, for making a judge's order, which, before an appeal could be taken, must be again heard by the court?    We are unable to discover any, and we think it was clearly the duty of the judge to have heard and decided the order to show cause as a court, and to have made the order a court order.    The appeal is dismissed, without prejudice.    All the judges concurring.