## HOLDEN v. HASERODT *et al.*

1. Section 29, art. 5, of the constitution, reading. "the judges of the circuit courts may hold courts in other circuits than their own, under such regulations as may be prescribed by law," does not touch the exercise of any power of a circuit judge other than that of "holding court." It neither enlarges nor abridges any other power of the judge, nor authorizes nor forbids the legislature to do so. It is simply silent as to every other power.
2. There is nothing in the constitution forbidding the legislature to authorize a circuit judge to make an order in his own circuit in a matter pending in another circuit. whose judge is absent; and chapter 79, Laws 1890, so providing, is not invalid on that account.
3. Within the meaning of said chapter, a petition or motion may properly be considered as pending from the time of its filing in the office of the clerk of the court of the proper jurisdiction, as a foundation for other proceedings immediately to follow.

4. An order of a judge in his own circuit, granting a peremptory *mandamus* in another circuit, is not a decision which may be brought directly to this court for review, because—

5. Both the constitution and the statutes limit the appellate jurisdiction of this court to a review of the decisions of courts.

2 S. D. 220, 49 N. W. Rep. 97, affirmed.

(Syllabus by the Court. Opinion filed March 2, 1892.)

This case was first before this court at the April term, 1891, upon a motion to dismiss the appeal. The motion to dismiss was allowed. 2 S. D. 220, 49 N. W. 97. In this opinion, while the court considers the merits of the appeal, the former opinion is adhered to.

*William G. Porter,* for appellant.

The judge of the eighth circuit had no power to hear and determine in his own circuit a proceeding of the seventh circuit. Section 29, art. 5, Const. S. D.; Wallace v. Railroad, 24 Pac. 626; Dunn v. Travis, 26 Pac. 247; Ensenman v. Shearer, 2 Dak. 340; section 4890, Comp. Laws; chapter 79, Sess. Laws 1890.

The peremptory writ of *mandamus* is, and in this action was, a final judgment. Territory v. Shearer, 2 Dak. 332; Schuab v. Coats, 7 N. W. 61. It was void and was appealable. Livermore v. Campbell, 52 Cal. 75; James v. Center, 53 Cal. 31; Spaulding v. Railroad, 15 N. W. 482; Hayne, New Trial and App. § 187; Sullivan v. Railroad, 33 Cal. 389.

No presumptions of law are made in favor of the regularity of the proceedings of courts or officers of special or limited jurisdiction, or of proceedings unknown or contrary to the common law, even when taken by courts of general jurisdiction. Hall v. Hoar, 10 Conn. 520; Storr v. Scott, 8 Conn. 480; Mills v. Martin, 19 Johns, 34; Thatcher v. Powell, 6 Wheat. 119; Holmes v. Broughton, 10 Wend. 75; Denning v. Corwin, 11 Wend. 651.

*Martin & Mason,* for respondents.

A chambers order, whether void or valid, is not appealable. Hubbell v. McCourt, 44 Wis. 584; section 2, art. 5, Const. S. D.; section 22, Code Civ. Proc.; sections 1, 23, c. 20, Laws 1887; Bostwick v. Knight, 5 Dak. 305; Bank v. Smith, 44 N. W. 1024.

The court below had the authority, under chapter 79, Laws 1890, to make the order complained of. The provisions of that law

are constitutional and valid because they are not within the inhibition of any constitutional limitation, because they constitute a competent grant of statutory as distinguished from constitutional jurisdiction, and because the power to pass such legislation is implied from the provisions of the constitution granting jurisdiction to courts and authorizing changes in judicial circuits.

KELLAM, P. J.    This case first came before this court on motion to dismiss the appeal, which was presented and decided at the April term, 1891, and is reported in 49 N. W. Rep. 97, where the facts appear.    The motion was passed upon without very thorough argument; and a rehearing was granted to allow counsel to present the question of the constitutionality of chapter 79, Laws 1890, referred to in the former opinion, and to further discuss its proper construction, if held valid.    The law (chapter 79) is as follows:    "It is hereby made the duty of the several circuit court judges of this state, when not otherwise officially engaged, to hold terms of court in circuits other than those to which they have been elected, and to hear and determine at chambers any motion, application, or special proceeding arising in such other circuit, upon the request of the judge of any circuit in which any cause, motion, application, or special proceeding is at issue or pending, in which the judge of such circuit is interested, disqualified, or from any cause whatever unable to act; also, to hold such terms and to hear and determine all such matters at chambers, in case of the temporary absence or removal of any judge from the circuit to which he may have been elected."    The contention of appellant is that the legislature could not, under the constitution, and therefore did not, empower the judge of the eighth circuit to hear and determine in his own circuit an application for a writ of *mandamus* in and for a proceeding in the seventh circuit.

Section 29, art. 5, of the constitution, reads:    "The judges of the circuit courts may hold courts in other circuits than their own, under such regulations as may be prescribed by law."    This provision, whether considered as a grant of power or a limitation or both, is specifically confined to one thing, to-wit, "holding court." It does not, expressly or impliedly, either forbid or authorize the legislature to regulate the exercise of any power of a circuit judge, except the one of "holding court."    It is simply silent as to every

other power. The power of a circuit judge to issue a writ of *mandamus* is entirely distinct from and independent of his power to "hold court." He may issue the writ as a judge, and not as a court. Const. art. 5, § 14. Thus the constitution itself has imposed various duties upon the circuit judges. One, and doubtless the most important, is to "hold court;" and that one duty is expressly made the subject of said section 29, art. 5, of the constitution. We do not think this section touches the power of a circuit judge to do any official act except the one mentioned,—to "hold court."

A question might be raised whether under our judicial system, wherein each circuit is a jurisdiction by itself, with its own judge, there was not an implied prohibition against the exercise of any power by a circuit judge in any matter lying outside of his territorial jurisdiction, and whether such implied prohibition would not make void any attempt by the legislature to confer such extra-territorial power upon the circuit judges; but we conclude not. For many years prior to the adoption of our state constitution, it was the constant practice for district judges, in emergencies like those named in said chapter 79, to act within their own districts, and in their own chambers, in matters outside their districts. It was a practice well understood, and of necessity frequently resorted to; and although our state judiciary system, and the territorial system which it succeeded, are in many particulars unlike, the same emergencies are liable to occur,—emergencies which are now, and must probably remain, unprovided for, if, as appellant contends, it is beyond the constitutional power of the legislature to empower a circuit judge, under any circumstances, to exercise any authority as a judge outside his own district. We should regard it as a misfortune, and a criticism upon the wisdom of our constitution, if a fair construction of that instrument absolutely forbids the legislature from authorizing a circuit judge to make an order to publish a summons or to issue an injunctional order to arrest a threatened irreparable injury, to have effect in an adjoining circuit, whose judge, as in this case, was absent from the state. While the argument *ab inconvenienti* cannot prevail or be of weight against a positive provision of law, yet it is always allowable, as between two possible constructions, to con-

template the inevitable or even probable results of each, as a means of determining which construction was probably intended. Suth. St. Const. §§ 322, 323, and cases cited. The power of the legislature to pass said chapter 79 is, of course, complete, unless forbidden by the constitution. There is no express prohibition, and courts will not often hold a law invalid because opposed to the unexpressed spirit or general purpose of the constitution. Cooley, Const. Lim. p. 205; Walker v. Cincinnati, 21 Ohio St. 14; People v. Fisher, 24 Wend. 215; Harris v. Vanderveer's Ex'rs, 21 N. J. Eq. 424. It is quite possible that the law should be so revised as to require the application to be made to the nearest qualified judge, so as to prevent the possible hardship of a party being noticed to appear before a distant judge. We have heard of no such complaint, but if there is danger the remedy is with the legislature.

We have very carefully read the case of Wallace v. Railway Co., (Mont.) 24 Pac. Rep. 626, and on rehearing in 25 Pac. Rep. 278, and do not find anything in it inconsistent with these conclusions. In that case a district judge had, outside of his own district, where he had gone to hold court for a brother judge, issued an injunction order, not as a court, but as a judge. The question before the court was, not whether he had been or could be invested by the legislature with such power, but whether the constitutional provision that "any judge of the district court may hold court for any other district judge" did of itself confer such authority. It was not there, as here, a question of what the constitution prohibited, but what the constitution affirmatively authorized. The legislature had passed no law on the subject, and the inquiry was simply whether this provision of the constitution, by its own force, conferred such power on the judges. A majority of the court held that it did not, but plainly intimated its opinion that a law so providing would not be objectionable. The opinion says: "In order to give weight to the argument of counsel for plaintiff, it has been questioned that if the jurisdiction contended for has not been given by the constitution the legislature has no power to pass such an act as suggested. If the legislature cannot so provide, it is because the constitution prohibits it. * * * There is no such prohibition in that instrument." If, then, the section of the constitution under consideration, nor any other provision, makes it incom-

petent for the legislature to add to the original constitutional powers of a circuit judge authority to go outside his circuit, and hear a motion or grant an order, it is difficult to see what constitutional provision is violated in authorizing him to hear the same motion or grant the same order within his circuit. But appellant claims that, even conceding the validity of said chapter 79, this case does not come within the terms of that law, and therefore it constituted no authority to Judge THOMAS to issue the writ. His brief says: "The judge of the eighth circuit assumed  *  *  * jurisdiction of this cause in the first instance, neither being requested by the judge of the seventh circuit to hear the application, nor was it at issue or pending in the seventh circuit." One of the conditions named in that law as authorizing Judge THOMAS "to hear and determine all such matters at chambers" was the "temporary absence" from his circuit of Judge NOWLIN. The affidavis upon which this writ was allowed by Judge THOMAS distinctly states the fact of Judge NOWLIN'S absence, and the writ recitet such fact as the justification for its issuance by Judge THOMAS. The further contention that, because the application was made to Judge THOMAS in the first instance, it could not have been a matter then pending, is too narrow, and, prevailing, would at once defeat the very evident purpose of the law. A petition or motion may properly said to be pending, within the meaning of said chapter, from the time of its filing in the office of the clerk of the court of the proper jurisdiction, as a foundation for other proceedings immediately to follow. Wentworth v. Farmington, 48 N. H. 207. Suppose a plaintiff desire an order to serve a summons by publication against a single non-resident defendant, the judge of the circuit in which the action is laid being absent. Should the judge of an adjoining circuit refuse the order on the ground that such action or application was not pending? We apprehend that the papers otherwise sufficient to justify the order, being filed in the proper court, would show the matter pending, within the meaning of this law. In this case the abstract does not show when the affidavit upon which the writ was asked was filed. In the absence of proof otherwise, it will be presumed that it was properly and regularly filed.

Finally, appellant contends that "the peremptory writ of *man-damus* issued in this action was a final judgment," although determined and granted by a judge, and is therefore appealable. The constitution (article 5, § 14) and the statutes (sections 5517 and 5534) authorize the circuit courts or the judges—either—to issue and determine writs of *mandamus*, etc. Neither the constitution nor the statutes, however, say that such judge's determination shall be final, or that it shall be a judgment, but both the constitution and the statutes do say that the appellate power of this court extends only to the review of proceedings of courts. Section 5213, Comp. Laws. In Hubbell v. McCourt, 44 Wis. 584, the supreme court of Wisconsin held that under a constitutional provision like section 2, art. 5, of our constitution the legislature could neither empower nor require the supreme court to hear appeals from orders of circuit judges. If we were to consent to the very forceful argument of appellant's counsel, that the determination of the judge in this application was a judgment, it would not remove the difficulty, for it would still be the decision of a judge,—a decision which the constitution and the statutes had authorized him to make, but still a decision which neither the constitution nor the statutes allow to be brought directly to this court for review. We are referred to the case of Territory v. Shearer, 2 Dak. 332, 8 N. W. Rep. 135, as an adjudication by the territorial supreme court that the determination of a circuit judge to issue, and the issue by him of, a peremptory writ of *mandamus*, constitute a judgment from which an appeal may be taken directly to the supreme court. It is not entirely clear that the court did not regard the peremptory writ in that case as the act of the court, and not as the act of the judge. The opinion says: "The appellant also submits that there is error in the proceedings because the court had no jurisdiction to require him to answer the alternative writ, or to try and determine the issues of law raised by the demurrer, outside of the subdivision. This position is untenable, under our statute. For the purpose of hearing and determining special proceedings of a civil nature the district courts are always open." But, even if it were only the decision of the judge, the question of its appealability was not raised by counsel, nor considered nor passed upon by the court.

Upon this rehearing, as upon the original argument, this construction, both of the section of the constitution and the law referred to, forces itself upon us. Under present conditions, no great hardship can result to appellant. We see nothing in the way of bringing the order of Judge THOMAS for review before the court in the seventh circuit, and its decision may be appealed from by either party. We adhere to our former opinion. All the judges concurring.