## EVANS v. BRADLEY, County Treasurer.

1. An order made by a judge within his circuit, which he is authorized to make as a court or judge, will be presumed to be made by the court, unless it clearly appears from the order that the same was intended to be the order of the judge and not the order of the court.

2. A peremptory writ of mandamus, issued by the judge within his circuit, concluding as follows: "Witness the Hon. William Gardner, Judge of the Circuit Court. In open court, at Rapid City, S. D., this 26th day of February, 1892. William Gardner, Judge."—*Held*, to be the act of the court and not of the judge.

3. When the facts stated in the alternative writ of mandamus are sufficient to authorize the court to issue a peremptory writ, in the absence of proof to the contrary in the record this court will presume that the facts stated in such alternative writ were proven to the satisfaction of the court, and that the peremptory writ was properly issued.

4. When a county warrant is allowed by the board of county commissioners of a county, and drawn upon a special fund in the hands of the county treasurer, who has sufficient money in such special fund, not otherwise appropriated to pay the same, it is ordinarily the duty of such treasurer to pay such warrant. But if he has reasonable ground to question the legality of such warrant, or the power of the board to issue the same,

he may decline to pay the same until the validity of such county warrant is determined by the judgment of a court of competent jurisdiction.

5. When the legality of such county warrant has been established by the judgment of a court of competent jurisdiction, and the treasurer refuses to pay such judgment, the court may, upon proper application, issue a peremptory writ of mandamus to compel such treasurer to pay such judgment, when no facts are presented to the court tending to impeach or cast doubt upon the validity of such judgment, or show that the same has been, or is about to be, appealed from, or otherwise reviewed.

(Syllabus by the court. Opinion filed June 26, 1893.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Application by Fred T. Evans for a mandamus to James Bradley, treasurer of Fall River county, to compel the payment of a judgment. Plaintiff had mandamus granting the writ. Defendant appeals. Affirmed.

Wood & Buell, J. H. Boomer and W. G. Rice, for appellant.

Martin & Mason, for respondent.

Mandamus is the proper remedy for enforcing a judgment against a municipality to be paid out of a special fund. High Ex. Leg. Rem. §§ 229, 365 and 367; 2 Dillon Mun. Corp. § 861. The regularity and validity of the original judgment cannot be questioned in this proceeding. 1 Black Judg. §§ 245, 252; Freem. Judg. §§ 330 and 533; Rogers v. Rogers, 15 B. Monroe, 364; Sturgis v. Rogers, 26 Ind. 1.

CORSON, J. On January 6, 1892, the judge of the circuit court of the Seventh judicial circuit, at Hot Springs, Fall River county, issued an alternative writ of mandamus, directed to the defendant, as county treasurer of Fall River county, commanding him to pay a certain judgment for 5,046.38, rendered against the said county in favor of the plaintiff, or show cause, etc., before the court, at Custer City, in Custer county, in said circuit, on the 9th day of January, 1892. To this alternative writ the defendant made no answer or return, and on February

26th the said court at Rapid City, the county seat of Penning-ton county, in said circuit, issued a peremptory writ command-ing said defendant, as such treasurer, to pay the said judgment out of the court house and jail funds in his hands as such treas-urer. From the order awarding the peremptory writ this ap-peal is taken.

The writ concludes as follows: "Witness the Honorable William Gardner, Judge of the Circuit Court. In open court, at Rapid City, S. D., this 26th day of February, 1892. William Gardner, Judge." The counsel for respondent moved the court to dismiss the appeal upon the ground that the peremptory writ was issued by the judge and not by the court, and that un-der the decisions of this court in Holden v. Haserodt, 49 N. W. Rep. 97, and 51 N. W. Rep. 340; Black Hills Flume & Min. Co. v. Grand Island & W. C. Ry. Co., Id. 342—this court has no jurisdiction to entertain the same. While this court held in the cases cited that it had no jurisdiction to entertain appeals from an order made by a judge, and that when it clearly ap-peared from the record that an order was so made by a judge and not by a court the appeal from such order would be dis-missed, yet it also held that the circuit courts are always open for the transaction of court business, "except the trial of issues of fact in civil and criminal actions," and that a circuit judge may, at any time or place within his circuit, make court orders. It would seem to necessarily follow from these decisions that an order made by a judge within his circuit, which he is autho-rized to make as a court or judge, would be presumed to be made by the court, unless it clearly appears from the order that it was the intention of the judge to make it a judge's order only. The peremptory writ in this case having been issued at Rapid City, within the seventh circuit, and it appearing to have been issued in open court, we hold that it was issued by the court and not by the judge. The motion to dismiss the appeal will therefore be denied.

This brings us to the merits of the case. As we have be-

fore stated, there was no answer or return to the alternative
writ, and hence that writ and the peremptory writ constitute
the record before us for review. If the facts stated in the al-
ternative writ are sufficient in law to authorize the issuance of
the same, the action of the court below must be affirmed, as
this court will presume, in the absence of a contrary showing,
that the court below had sufficient evidence before it to prove
the allegations contained in the alternative writ. The alterna-
tive writ states fully and in detail all the facts pertaining to the
location of the county seat at Hot Springs, in Fall River county
proceedings in selecting a site for the court house and jail,
bids, etc., not necessary, for the purposes of this decision, to
be noticed. It also states that plaintiff entered into a contract
with said Fall River county to erect for said county a court
house and jail for the sum of $23,000, and that in December,
1891, he had about finished the erection of the same; that at
that time there was due to the plaintiff upon his contract the
sum of $5,000, and that the board of county commissioners of
said county duly allowed him said sum, and drew a warrant for
the same, payable out of the court house and jail fund of said
county; that the defendant was the legally elected, qualified
and acting county treasurer of said Fall River county, and had
in his hands as such treasurer $10,000 belonging to said court
house and jail fund, not otherwise appropriated; that the de-
fendant refused, upon demand, to pay said warrant, and there-
upon the plaintiff commenced an action against said county
upon the said warrant in the circuit court of Fall River county,
and obtained a judgment thereon for $5,046.38, and that said
defendant refused to pay said judgment, and that the plaintiff
had no remedy at law for enforcing the payment of said judg-
ment. Thereupon the plaintiff applied to the circuit court for a
mandamus to compel the treasurer of said county to pay said
judgment out of the said court house and jail fund in his hands
as such county treasurer. The facts stated bring the case
clearly within the rule laid down by courts for the issuance of

the writ to enforce the payment of a judgment where an ordinary execution will not be effectual, and a special fund is in the hands of the treasurer for the payment of the claim. High Extr. Leg. Rem. §§ 229, 365, 367; 2 Dill. Mun. Corp. § 861; State v. Hoeflinger, 31 Wis. 257; Brown v. Crego, 32 Iowa 498; City of Olney v. Harvey, 50 Ill. 453; City of Chicago v. Sansum 87 Ill. 182; Rice v. Walker, 44 Iowa 458; Webb v. Commissioners, 70 N. C. 307; City Council v. Hickman, 57 Ala. 338; Duncan v. Louisville, 8 Bush. 98. It appears from the alternative writ that there was a specific fund provided for the erection of the court house and jail, $10,000 of which was still in the hands of the treasurer, not otherwise appropriated, when the said county warrant was drawn on said fund by the board of county commissioners, and when said alternative writ was issued and a court of competent jurisdiction had rendered a judgment against the county thereon. These facts, we think, entitle the plaintiff to the writ of mandamus to compel the payment of said judgment. It is the duty of the county treasurer, under ordinary circumstances, to pay the warrants drawn according to law by the board of county commissioners when he has funds in his hands for that purpose. If, however, he has reasonable grounds to question the legality of the warrant, or the power of the county commissioners to draw the same, he is justified in refusing to pay such warrant until the validity of the same is established by the judgment of a court of competent jurisdiction. But when, in an application for a mandamus requiring him to pay such judgment, no facts are presented tending to impeach or cast doubt upon the validity of the judgment, or that the same has been or is about to be appealed from, or otherwise reviewed, there is certainly no error in making the mandamus peremptory. In the action brought by the plaintiff against the county, upon the warrant in controversy, no defense was interposed by the county, and the judgment was therefore conclusive as to the validity of the warrant, and it became the legal duty of such treasurer to pay the same, certainly in the absence of other

facts. The case at bar is clearly distinguishable from the case of Bailey v. Lawrence Co., (S. D.) 51 N. W. Rep. 331. In that case no specific fund has been provided for the payment of the coupons, and the validity of the bonds and coupons was contested by the county, and there had been no judgment establishing the validity of the same. We are of the opinion that upon the facts stated in the alternative writ in this case it was clearly the duty of the defendant, as such county treasurer, to pay said judgment, and, failing to do so on demand, the court was authorized to compel the payment by mandamus. The judgment of the circuit court is therefore affirmed.