## MᶜCᴌᴀɪɴ v. Wɪʟʟɪᴀᴍs.

1. Laws 1897, C. 55, amending Comp. Laws, § 5213, so as to prohibit appeals from circuit to supreme court in actions for the recovery of money where the amount recovered is $75 or less, or for the recovery of personal property of that value or less, is not void under Const. Art. 5, § 2, giving the supreme court "appellate jurisdiction * * * under such regulations and limitations as may be prescribed by law," since such article does not attempt to prescribe the class of cases in which an appeal may be taken.

2. Const. Art. 5, ¿ 18, providing that appeals "may" be allowed from circuit courts to the supreme court under such regulations as may be prescribed by law, is permissive only, and does not prohibit the legislature from limiting appeals to a defined class of cases.

3. Const. Art. 6, ¿ 20, providing that all courts shall be open, and every man, for an injury done him in his property, etc., shall have remedy by due course of law, and right and justice administered without denial or delay, is satisfied by a trial in a court of competent jurisdiction, in which the right to jury trial, in proper cases, is afforded, as provided in Section 6, and does not prohibit the legislature from prescribing in what cases appeal may be taken to the supreme court.

4. Laws 1897, C. 55, amending Comp. Laws, ¿ 5213, so as to forbid appeals from circuit to supreme court in a certain class of cases, but containing no reservations as to appeals previously taken, applies to appeals pending at the time the act was approved.

5. The supreme court will take judicial notice that an appeal is still pending therein, undisposed of.

(Opinion filed Nov. 26, 1897.)

Appeal from circuit court, Hutchinson county. Hon. E. G. Sᴍɪᴛʜ, Judge.

Action in claim and delivery. Plaintiff had judgment and defendant appealed. Appeal dismissed.

The facts are stated in the opinion.

*W. J. Hooper*, for appellant.

*Wellington Brown*, for respondent.

No briefs filed on the motion.

Coʀsoɴ, P. J. This case comes before us on a motion to dismiss the appeal. The action was one in claim and delivery,

brought in a justice court, and appealed to the circuit court, in which latter court a judgment was rendered in favor of the plaintiff, and from which the defendant appealed.    The jury in the circuit court found the value of the personal property described in plaintiff's complaint to be $18, and a judgment was thereupon entered "that plaintiff recover of the defendant possession of the property or the value thereof, towit, $18, in case a recovery cannot be had," and costs, taxed at $86.80.    The motion to dismiss the appeal is made upon the ground that under the provisions of Chapter 55, Laws 1897, no appeal lies to this court from the circuit court in this class of cases, and hence, since the passage of said act, this court has no jurisdiction of the appeal.    The appellant resists the motion on two grounds: (1) That the law of 1897 is void, for the reason that it is in conflict with the provisions of the constitution of this state; (2) that it does not appear from the appellant's abstract when the appeal was taken, and, there being no additional abstract, the court cannot presume that the appeal was taken since the act of 1897 took effect, and that, if taken before, this court has jurisdiction.

The first section of the act of 1897 provides that Section 5213, Comp. Laws, shall be amended so as to read as follows: "No appeal shall be allowed or be taken from any judgment rendered by the circuit courts of this state either upon a verdict of a jury or by the court, to the supreme court in any action for the recovery of money where the amount recovered shall be seventy-five dollars ($75) or less, or in any action for the recovery of personal property when the personal property sought to be recovered is of the value of seventy-five dollars ($75) or less."    Section 3 provides that all "judgments" rendered in the cases specified in Section 2 "shall be final, and no appeal shall be allowed from said judgment or judgments to the supreme court."    Section 4 repeals all acts and parts of acts in conflict with the provisions of that act.    And Section 5 contains an emergency clause, and provides that the act shall take effect from and after its passage and approval.    The act

was approved February 4, 1897.  The only sections of the Constitution bearing upon this subject are Sections 2 and 18 of Article 5, which read as follows:

"Sec. 2.  The supreme court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the state, and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

"Sec. 18.  Writs of error and appeals may be allowed from the decisions of the circuit courts to the supreme court under such regulations as may be prescribed by law."

Whether the qualifying clause "under such regulations and limitations as may be prescribed by law" applies to the first clause relating to appellate jurisdiction, as well as to the clause relating to the general superintending control of inferior courts, as contended by counsel for respondent, we do not deem it necessary to decide, for the reason that that section does not attempt to define or prescribe in what cases an appeal may be taken to the supreme court.  The object and purpose of the section seems to be to define and limit the jurisdiction of the supreme court, and not in any manner define the class of cases in which an appeal might be taken.  The language of the section, defining and limiting the jurisdiction of the supreme court, cannot, by any fair construction, be held to confer upon parties the right of appeal in all cases of which the supreme court has been given jurisdiction.  This construction of Section 2 is much strengthened by the provisions of Section 18, above quoted. That section is important because the framers of the Constitution were in that section treating specially of circuit courts. By it they provided that "writs of error and appeals may be allowed  *  *  *  under such regulation as may be prescribed by law."  The word "may" is evidently used in that section in its proper sense, as permissive, and not in the sense of must or shall.  Again, by Section 20 of the same article it is provided that "writs of error and appeals may be allowed from county

to circuit courts, or to the supreme court, in such cases, and in such manner as may be prescribed by law." If the contention of respondent is correct, that by Section 2 appellate jurisdiction is given in all cases to the supreme court, neither Section 18 nor Section 20 would be necessary, except so far as they might provide for the manner in which an appeal should be taken. The authority to allow appeals would be nugatory. It is quite clear from the provision of Sections 18 and 20 that the framers of the fundamental law intended to leave the power over the subject of appeals to the legislature, to be exercised in such manner as public policy and the best interests of the people might require. The constitutional policy seems to have been not to specify or fix absolutely the class of cases in which appeals should be allowed, but to leave to the legislature discretion over the subject. The provisions of Section 20 of Article 6 in the bill of rights that "all courts shall be open, and every man, for an injury done him in his property, person or reputation, shall have remedy by due course of law, and right and justice administered without denial or delay," are satisfied by a trial in a court of competent jurisdiction, in which the right to trial by a jury, in proper cases, is afforded, as provided in Section 6 of Article 6. None of the provisions of the constitution prohibit the legislature from limiting appeals to a defined class of cases, and prescribing at what stage and in what court ordinary litigation shall end. The right to an appeal is not a common-law right, but depends upon the statute, when not specially granted by the Constitution. 2 Enc. Pl. & Prac. p. 16; Black Hills Flume & Mining Co. v. Grand Island & W. C. R. Co., 2 S. D. 546, 51 N. W. 342.

One further consideration may be added, and that is that a court only regards itself authorized to declare an act of the legislature unconstitutional when it is satisfied that it is clearly so, or, as some courts have expressed it, when its unconstitutionality is beyond a reasonable doubt,—language used by this court in some of its decisions. Our conclusion, therefore, is that the act of 1897 is constitutional and valid.

This brings us to a consideration of the second question. The act of 1897, it will be observed, contains no reservations or exceptions as to appeals previously taken or pending at the time the act took effect, and hence it is not material whether the appeal was taken before or after the law was approved. It seems to be well settled that, if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law, and, of course, where the law conferring the right of appeal is partially repealed. Railroad Co. v. Grant, 98 U. S. 398; *Ex parte* McCardle, 7 Wall. 514; U. S. v. Heirs of Boisdore, 8 How. 113; McNulty v. Batty, 10 How. 72; Norris v. Crocker, 13 How. 429; Assessors v. Orsbornes, 9 Wall. 567; U. S. v. Tywen, 11 Wall 88; Calahan v. Jennings, 16 Colo. 471, 27 Pac. 1055; Cooley, Const. Lim. p. 474. This appeal appearing, from appellant's abstract, to have been taken from a judgment "in an action for the recovery of personal property when the personal property sought to be recovered is of the value" of less than $75, this court has no jurisdiction of the appeal. That the appeal is still pending in this court, undisposed of, is a fact of which the court will take judicial notice. Searls v. Knapp, 5 S. D. 325, 58 N. W. 807. The appeal is dismissed.

On rehearing, in an opinion filed May 21, 1898, (reported in 75 N. W. Rep.) the act under which this appeal was dismissed, was held to be in conflict with § 34, Art. 5, Const., and void.