WILLIAMS v. CHICAGO & N. W. RY. CO.

Laws 1897, Chap. 55, Sec. 1, amending Comp. Laws, Sec. 5213, so as to forbid appeals from circuit to supreme court from "judgments" for recovery of $75 or less; and Laws 1897, Chap. 55, Sec. 3, providing that all "judgments" in such cases shall be final,—did not repeal Comp. Laws, Sections 5214, 5236, allowing appeals from orders granting or refusing a new trial, and hence such appeals may be taken, whatever the amount involved.

(Opinion filed Nov. 26, 1897.)

Appeal from circuit court, Clark county.    Hon. J. O. AN-
DREWS, Judge.

Action by M. Williams against the Chicago & Northwest-
ern Railway Company.    From a judgment for plaintiff, defend-
ant appealed.    Motion to dismiss appeal.    Denied.

*Coe I. Crawford, A. W. Burtt* and *C. G. Sherwood,* for appel-
lant.

*S. A. Keenan,* for respondent.

No briefs filed on the motion.

CORSON, P. J.    A motion to dismiss the appeal in  this
case is made upon the ground that, the amount involved in the
action being less than $75, this court has no jurisdiction of the
appeal.    The motion is resisted by the appellant, who contends
that the act of 1897 is unconstitutional, and that the appeal is
not from a judgment, but from an order granting a new trial,
and hence does not come within the provisions of the act of
1897.    It appears from the abstract that the action was com-
menced in a justice court to recover $50, and appealed to the
circuit court, in which a verdict for the defendant was rendered
by a jury, and a motion for a new trial made and granted.
The appeal is from the order granting the new trial.    No judg-
ment appears to have been  entered or rendered in the circuit
court.    The question of the constitutionality of the law (Chap-
ter 55, Laws 1897) was fully considered in McClain v. Williams
(recently decided by this court) 73 N. W. 72, in which it ar-
rived at the conclusion that the law is constitutional; and it
need not therefore be further considered.

The second contention requires an examination of the pro-
visions of the act.    The first section of the act of 1897 provides
that Section 5213, Comp. Laws, be amended so as to read as
provided in the second section of the act.    The section amend-
ed reads as follows:   "Appeals to the supreme court may be
taken from the district courts when no other court of appeal is

provided by law." The following Section 5214 is not amended in terms, and that part which provides that "any order defined in Section 5236 may be reviewed upon an appeal by the party aggrieved" is not repealed in terms. By Subdivision 3 of Section 5236 it is provided that orders granting or refusing a new trial may be taken to the supreme court by appeal. In the act of 1897, limiting the amount in appeals, the term "order" is nowhere used. Section 2 provides that "no appeal shall be allowed or taken from any judgment rendered * * * where the amount recovered shall be $75 or less." And by Section 3 it is provided that "all judgments rendered * * * in actions for the recovery of money * * * shall be final, and no appeal shall be allowed from said judgment or judgments to the supreme court." The respondent contends that it was the evident intention of the legislature to deny an appeal in all cases where the amount in controversy is less than $75. But the language used is not open to this construction. The legislature has, for some reason, carefully limited the provisions of the statute to "judgments," and we are not at liberty to add "orders" to the classes of cases specified. Adding these to the classes of cases defined would be judicial legislation, and not interpretation or construction of the statute. There seems to be no provision in the act of 1897 that conflicts with Section 5214 so far as the same relates to orders, or that conflicts with Subdivision 3 of Section 5236, and hence these sections, allowing appeals to this court from orders therein specified, are still in force. The appeal being from an appealable order, and not from a judgment, the motion to dismiss the appeal is denied.