CUSTER COUNTY BANK v. W. H. WALLING MERCANTILE CO.
*et al.*

Comp. Laws, § 4828, provides that special proceedings and motions may be heard at any place within the judicial district in which is situated the county or judicial subdivision wherein the same is brought or is pending, and that nothing in the section shall be construed to prevent the judge of any circuit court from making any order at chambers at any place within the state. Section 5236 provides that an order made at chambers is not appealable, but that appeal will lie only from an application to vacate the order. A judge, while holding court in a circuit other than his own, made an order, stated to be "by the court," and attested by the clerk. Held, that as, under the statutes, the only valid order which he could have made, under the circumstances, was an order at chambers, the order made mnst be regarded as such, in spite of its form, and hence was not appealable.

(Opinion filed April 25, 1903.)

Appeal from circuit court, Custer county. Hon. LEVI McGEE, Judge.

Action by the Custer County Bank against the W. H. Walling Mercantile Company and another. From an order appointing a receiver of defendant corporation's property, defendants appeal. Appeal dismissed.

*Chauncey L. Wood*, and *Buel R. Wood*, for appellants.
*Ed. L. Grantham*, for respondent.

HANEY, P. J. The judge of the Seventh Circuit, wherein this action was pending, while holding court in the Eighth Circuit, signed an ex parte order appointing a receiver of the defendant corporation's property, which purported to be an order of the court, and which provided that an application to vacate or modify might be made on two days' notice. It concluded with these words: "Done at Deadwood, South Dakota, this 13th day of December, A. D. 1902. By the Court: Levi McGee, Judge. Attest: J. R. Smith, Clerk. [Seal.]" Subsequently, upon an application of the defendants, after notice, a hearing was had in the Seventh Circuit, and an order was made refusing to vacate and confirming the appointment of the receiver. After notice of this second order, the defendants appealed from the ex parte order made in the Eighth Circuit.

Respondent now moves to dismiss on the ground, among others, that the order appealed from is not appealable. Counsel for respondent also presents what purports to be an application of the defendant corporation's board of directors, asking to have the appeal dismissed; alleging that it was taken without authority, or, if authorized in the first instance, the present acting directors do not desire to have it prosecuted further.

If the order appealed from was one made at chambers, it is not appealable. Comp. Laws, § 5236; B. H. F. & M. Co. v. G. I. & W. C. R. Co., 2 S. D. 546, 51 N. W. 342. The law relating to procedure in circuit courts contain the following provisions: "These courts are always open for the purpose of

hearing and determining all actions, special proceedings, motions and applications of whatever kind or character, and whether of a civil or criminal nature, arising under the laws of the state, and of which the circuit courts have jurisdiction, original or appellate, except issues of fact in civil and criminal actions, and all such actions, special proceedings, motions and applications may be heard and determined at any place within the judicial circuit in which is situated the county or judicial subdivision wherein the same is brought or is pending; but issues of fact in civil and criminal actions must be tried in the county or judicial subdivision in which the same is brought, or to which the place of trial is changed by order of the court upon the written consent of the parties to such action, or upon the grounds now or hereafter provided by law: provided, however, nothing in this section contained shall be construed to prevent the judge of any circuit court from making any order at chambers at any place within the state in any matter properly before him." Comp. Laws, § 4828. "It is hereby made the duty of the several circuit court judges of this state, when not otherwise officially engaged, to hold terms of court in circuits other than those to which they have been elected, and to hear and determine at chambers any motion, application or special proceeding, arising in such other circuits, upon the request of the judge of any circuit in which any cause, motion, application or special proceeding is at issue or pending in which the judge of such circuit is interested, disqualified, or from any cause whatever unable to act; also to hold such terms and to hear and determine all such matters at chambers in case of the temporary absence or removal of any judge from the circuit to which he may have been elected." Laws 1890, c. 79, § 1.

There is no room for doubt as to the meaning of the language employed in section 4828. It was clearly intended that orders at chambers might be made anywhere within the state, but that all court orders should be made within the circuit in which the action or proceeding is pending. There is a substantial reason for this rule. Taken in connection with the provision requiring an application to vacate orders at chambers before an appeal will lie, a party is protected against the inconven- ience and expense of attending the hearing of motions beyond the limits of the circuit wherein his action or proceeding is pending. Nor was the rule changed by the act of 1890. When a judge is in a circuit other than the one to which he has been elected, upon the request of the judge of such other circuit, he is clothed with the powers of the judge for whom he is acting, but he has no other authority with respect to matters pending in his own circuit than he would possess if absent therefrom on private business. As the learned judge of the Seventh Cir- cuit was without authority to make any order in this action, ex- cept an order at chambers, while absent from the Seventh Cir- cuit, the order appealed from must be regarded as an order made at chambers, notwithstanding it purports to have been made by the court. This conclusion does not conflict with the decision in B. H. F. & M. Co. v. G. I. & W. C. R. Co., supra. The order in that case was made in the circuit wherein the ac- tion was pending, but its phraseology was such that this court was compelled to regard it as an order at chambers. When a judge acts within his own circuit in an action pending therein, he has power to make orders either at chambers or by the court, and the question as to which class any order belongs will be determined from the terms of the order itself. But where,

as in the case at bar, he acts beyond the limits of the circuit in which the action is pending, the order, notwithstanding its terms, must be considered as one made at chambers, as it cannot be assumed that the making of an invalid order was intended. Nor would appellants be in any better position were we to conclude that the exparte order was a nullity because made beyond the limits of the Seventh Circuit. In that view the receiver would continue to act under authority of the second order, and the present appeal could produce no practical results. Appellants call attention to the decision in Vert v. Vert, 3 S. D. 619, 54 N. W. 655, wherein it is held that "this court will not review an order of the circuit court refusing to vacate an appealable order theretofore made by such court, and which it had jurisdiction to make." It is the converse of the rule thus accurately stated which is applicable to the present appeal. In the Vert case the order sought to be vacated was appealable, while the one in this case, as has been shown, was not appealable. Therefore defendants' motion to vacate was properly made, and they should have appealed from the order denying their motion.

As respondent's motion must be granted for the reasons already assigned, it is deemed unnecessary and unwise to consider the appellants' application to dismiss, and we intentionally refrain from expressing any opinion regarding the right of any one to act on behalf of the defendant corporation in taking or prosecuting this appeal. The motion to dismiss is granted.