GORMAN, Appellant, v. MADDEN et al., Respondents.

(151 N. W. 1020.)

(File No. 3591.    Opinion filed April 6, 1915.    Rehearing denied,
April 7, 1915.)

1.   New Trial—Notice of Intention, Order Extending Time, Staying
     Execution, and Requiring Bond—Independent Provisions—
     Vacating Extension Order—Error.
        An order extending time for serving notice of intention to
     move for new trial, and staying execution, which stay required
     a bond securing payment of judgment, contains distinct and
     independent provisions; the order of extension is not condition-
     ed on giving bond, and trial court erred in vacating extension
     order for failure to file bond.

2.   New Trial—Extension of Time—Striking Out Notice of Inten-
     tion and Statement—Error—Want of Authority.
        Where, within period of extension of notice of intention,

defendant served and filed such notice and a proposed state-
ment upon which to move for new trial, held, trial court acted
without authority in striking out the notice and statement on
ground that, at time of making the order of extension and
requiring a stay bond, sufficient reason did not exist for making
said previous order.

3.   Appeal—Error—Striking Out Notice of Intention, and Statement—
     Order in One Circuit, Pendency of Action in Another—Appeal-
     ability of Order—Review by Motion to Vacate—Appeal From
     Denial of Motion.

     An order striking out notice of intention and proposed state-
     ment, made in one circuit, in an action pending in another,
     not being appealable, was reviewable by motion to vacate the
     order, and by appeal from denial of motion.

4.   New Trial—Extension of Time—Order Vacating Extension—Mo-
     tion to Vacate Vacating Order—Waiver.

     An order, made in one circuit while action was pending in
     another, vacating an order extending time for serving notice of
     intention, which notice and a proposed statement were served
     within extended time, was followed by motion to vacate said
     vacating order, the motion being denied.   Held, that, under
     the peculiar circumstances, an application for a new extension
     of time, and an order denying same, will not be held an
     abandonment or waiver of the proceedings to vacate the vacat-
     ing order.

Appeal from Circuit Court, Hamlin County.   Hon. ALVA E.
TAYLOR, Judge.

Action by J. K. Gorman against P. H. Madden and an-
other.   From an order refusing to set aside certain orders involv-
ing extensions of time to move for a new trial, defendants ap-
peal.   Reversed, and cause remanded.

*Hanten & Hanten,* and *Perrett F. Gault,* for Appellant.

*George H. Marquis,* and *M. J. Russell,* for Respondents.

(1) Under point one of the opinion, Appellants cited:   Code
Civ. Proc. Sec. 306.

(4) Under point four of the opinion, Appellants cited:   28
Cyc. 14-15; Weiland v. Ashton, 18 S. D. 331, 100 N. W. 737.

SMITH, J.   Action in the circuit court of Hamlin county.
Findings of fact, conclusions of law, and judgment for plaintiff
were entered on November 4, 1912, and notice thereof served on
defendants' counsel on November 9, 1912.   On December 6, 1912,
the trial court, on defendants' application, entered an order stay-
ing execution, and extending the time for giving notice of in-

tention to move for new trial until February 15, 1913.  The stay of execution required defendants to give a bond to secure payment of the judgment.  On February 15th, the date on which the stay expired, defendants' counsel served on plaintiff notice that they would give no stay bond, but would avail themselves of the extension of time within which to serve notice of intention to move for new trial and for motion for new trial, and at the same time served on plaintiff's counsel a purported statement of case, with specifications of error, and notice of intention to move for new trial.  Plaintiff's counsel returned the papers served, assigning as reason therefor the failure of defendants to give the stay bond required by the order of December 6th.  On February 17th plaintiff's counsel served notice of motion returnable March 1st to vacate the stay and extension order of December 6th, and on March 8, 1913, the trial court made an order vacating that order.  On April 9, 1913, defendants served notice of motion to vacate the order of March 8, 1913, and another order dated March 22d, hereinafter referred to, returnable April 28th, 1913.  The main ground of the latter motion was that the order of March 8, 1913, was entered at Huron in the Ninth judicial circuit, in an action pending in the Third judicial circuit.  On March 12, 1913, defendants' counsel made an affidavit asking the judge who tried the action to fix another time within which to serve notice of intention, and to settle the record on defendants' motion for a new trial, and on March 18th, upon notice to plaintiff's counsel, made application to the trial court for an order fixing another time within which to serve notice of intention, motion for new trial, and to settle the record.  On March 22d the trial court entered an order refusing such extension.  For various reasons the hearing on the motion, set for April 28, 1913, was continued from time to time until January 30, 1914.  On that date said motion was brought on for hearing before Judge Taylor, at Watertown, at which time all proceedings had subsequent to the entry of judgment were presented for review, together with an application of defendants to vacate the order of March 22, 1913, refusing a further extension.  On the 10th of February, 1914, pursuant to said hearing, the court entered an order, among other things reciting that:

"This matter coming on to be heard by the court, Hon. Alva

E. Taylor, judge of the Ninth judicial circuit presiding, at the courtroom, city of Watertown, Codington county, S. D., upon the motion of defendants to vacate and set aside the order made in the above-entitled cause, dated March 8, 1913, striking from the records and files the defendants' notice of intention to move for a new trial, and defendants' purported statement of the case herein, and the other order dated March 22, 1913, denying defendants' application for an order fixing a time within which defendants might serve another notice of intention to move for a new trial and settle a record herein,  *  *  *  it is ordered that the motion of the defendants to vacate and set aside the orders made herein, one dated March 8, 1913, and the other dated March 22, 1913, be, and the same are, hereby denied, and the defendants be and are hereby allowed an exception to this order."

This appeal is from the latter order.

[1-3] The provision in the order of December 6th staying execution and the provision granting an extension of time are entirely distinct and independent. The order of extension could not be, and was not, in terms, conditioned upon the giving of the bond staying execution pending appeal, nor could the trial court vacate the order of extension because of the failure to file such bond. Within the period of extension, defendant served and filed a notice of intention and proposed statement, and the trial judge was without authority to strike such notice of intention and statement from the files, on the ground that sufficient reason did not exist, on December 6th, to warrant the order of extension. The order of March 8th, striking the notice of intention and proposed statement from the records, was therefore erroneous. Defendants had the legal right to have the sufficiency of the proposed statement considered and settled, either in its original form, or as properly amended, and after such settlement they had a right to have the motion for a new trial passed upon. The order made by the trial judge on March 8th, not being appealable, though erroneous, could be reviewed only in the manner adopted by appellant. Custer County Bank v. Mercantile Co., 16 S. D. 579, 94 N. W. 582.

[4] Under the peculiar facts of this case, regardless of the general rule, we are of the opinion the application of March 18th, for a new extension, and the order of March 22d, denying the

same, should not be held an abandonment or waiver of the prior proceedings seeking to vacate the order of March 8th.

The order of February 10, 1914, and the order of March 8, 1913, are reversed, and the cause remanded for further proceedings in acordance with the views herein expressed.