GORMAN, Plaintiff, v. MADDEN et al., Defendants.

(156 N. W. 598.)

(File No. 3911.   Opinion filed March 4, 1916.)

1.  **Settled Record—Settlement of, by Supreme Court—Insufficient Evidence of Facts—Statute.**

    Where no transcript of the voluminous evidence taken upon the trial, upon which lengthy findings were based, has ever been procured, and the proposed statement of the case shows that exceptions to the evidence were taken, containing particulars wherein it was claimed that each finding was erroneous and that other errors were committed on the trial, but attaching to the specifications, not a statement of the evidence of the witnesses, or a transcript of the evidence as required by Laws 1911, Ch. 15, but a purported statement of facts which would bear upon each one of many topics or subdivisions into which the defendants divided the case, and consisting of 8 or 10 typewritten pages, the trial court having refused to settle the case upon such purported satement, but fixed a time for plaintiff to file objections, and it appears that a Judge of the Supreme Court cannot determine whether the proposed statement is full, fair and complete as to the specifications of error, and that it is clearly improbable that the trial court could do so without

aid from a transcript of the evidence, **held**, that, the trial court not having refused to settle the record after being furnished with the necessary data therefor, defendants have failed to bring themselves within Laws 1913, Ch. 178, providing that if the trial judge refuses to do anything necessary to making a settled record in accordance with facts, the party desiring it may apply to the Supreme Court to settle it.

2. **Settled Record—Form of Settlement, Exceptions to, or Proposed Amendments, to Proposed Record, Necessity of.**

A party who proposes a statement of the case or a settled record is not entitled to have it settled by the trial court in the form in which it is proposed simply because no exceptions have been taken or amendments proposed thereto during the statutory time, but the trial court should amend the statement to conform to the truth.

Action by J. K. Gorman, against P. H. Madden and others. Judgment for plaintiff. Original proceedings in the Supreme Court by defendants seeking settlement of record. Application denied, and order to show cause issued thereon dismissed.

*M. J. Russell,* and *George H. Marquis,* for Plaintiff.

*Hanten & Hanten,* for Defendants.

(1) To point one of the opinion, Plaintiff cited: Plano Mfg. Co. v. Person, (S. D.) 79 N. W. 833; Taylor v. Miller, (N. D.) 87 N. W. 596; Crane v. State, 10 Ala. 82, 65 So. 301; Laws 1911, Ch. 15; State ex rel. Rearick v. Leggert, (S. D.) 142 N. W. 974; State v. Todd, 4 Ohio, 351; Myers v. Campbell, (S. D.) 78 N. W. 353.

(2) To point two of the opinion, Plaintiff cited: Beach v. Great Northern Ry. Co. (Minn.) 132 N. W 1; Civ. Code, Sec. 303; Haynes on New Trials, Sec. 154.

WHITING, J. This cause was before us upon an appeal from a certain order, our opinion being reported in Gorman v. Madden, 35 S. D. 265, 151 N. W. 1020. A reading of such opinion will disclose the situation existing at that time. Reference will be found therein to the fact that defendants were seeking a time within which to settle the record herein, and that they had prepared a purported statement of the case which plaintiff was seeking to have stricken from the records and files of the trial court. After the remitting of our decision upon such appeal, defendants moved the trial court to settle and certify their purported statement of the case—it being the same statement referred to in the

above-mentioned opinion—and, as ground for such motion, defendants alleged that such proposed statement had been on file since February 15, 1913, and that at the time of said motion, to-wit, May 28, 1915, no amendments had been proposed thereto. It appears that, upon May 24, 1915, the trial court issued an order to show cause, returnable on May 28, 1915, requiring defendants to show cause why the trial court should not decline to settle any statement of the case or record herein, or, in case the trial court held it had jurisdiction to settle such record, and that it would settle the same, to show cause why defendants should not be required to procure a transcript of the testimony given at the trial, and why the trial judge should not fix a time within which plaintiff might prepare amendments to defendants' proposed statement of the case. Both of the above matters coming before the trial court for consideration, said court made an order wherein it was recited:

"And it appearing to the court that said proposed statement of the defendants was not a true and complete statement of all the facts necessary to determine the particular errors specified therein, and that said statement did not and does not truly represent the case relating to such errors; * * * and it further appearing to the court * * * that the plaintiff should have a time within which to file objections and exceptions to the proposed record of defendants and to have a fair presentation of the errors specified."

Such order fixed a time within which defendants might procure, serve, and file their proposed record and transcript; fixed a time after the service of such record and transcript, wherein plaintiff might file objections thereto; and refused to then settle defendants' purported statement of the case. This cause is now before this court on defendants' application to have one of the judges thereof settle and certify their proposed statement of the case, the settlement of which they allege to have been wrongfully refused by the trial judge.

[1] We have examined the affidavits submitted to this court, as well as all of the files in this action, all of which have been forwarded to this court for our consideration. It appears that no transcript of the evidence received upon the trial in the lower court has ever been procured. Trial was had to the court without a jury. The court made 17 findings of fact, some of them quite

lengthy.   It appears that the trial lasted for several days and, from the showing made, we are satisfied that a very large volume of evidence was received.   The proposed statement discloses that defendants excepted to the findings of fact entered by the trial court and, in their exceptions, pointed out the particulars wherein they claimed·that each of such findings was erroneous; that they specified numerous errors of the trial court; that, instead of attaching to such specifications a statement of the evidence of the several witnesses, either in narrative form or by question and answer, or attaching thereto a complete transcript of the evidence (as seems to have been contemplated by chapter 15, Laws 1911, which was in force at the time such proposed statement was prepared), defendants attached what· purported to be a statement of facts testified to, and which would bear upon each one of some 10 topics or subdivisions into which· they divided the case.   This statement pertaining to the evidence consists of but eight or nine typewritten pages.

From the above we are satisfied of two things:   (1) That it would be absolutely impossible for a judge of this court to determine whether the proposed statement is a full, fair, and complete statement of the evidence as the same relates to the several specifications of error.   Unless counsel would agree as to the correctness of such statement, no judge of this court could rightfully settle such proposed record without first requiring the defendants to furnish a transcript of the evidence.   (2) That it is clearly improbable that it would be possible for the trial court to determine the correctness of such proposed statement except he were aided by such a transcript of the evidence.

[2] It must be borne in mind that a party who proposes a statement of the case or a settled record is not entitled to have the same settled by the trial court in the form in which it is proposed simply because no exceptions have been taken or amendments proposed thereto during the time fixed by statutes for the proposing of admendments; but it is 'the duty of the trial court, as well as its right, to so amend such proposed statement that it will conform to the truth.   It was not the intent nor the effect of the trial court's order to refuse a setttlement of the record herein, but rather to require the procuring of the necessary transcript to enable the said record to be settled intelligently.   It is the purpose of

the present law, regulating the settlement of records (chapter 178, Laws 1913), to encourage the settlement of records under a stipulation of counsel as to what should be contained therein. This is to be desired for the reason that it would naturally lead to a condensation or abbreviation of the record and the exclusion of all immaterial matter. We may regret that counsel are not able to agree upon the contents of the record and procure its settlement by the trial court without the delay and great expense that must accompany the procuring of a voluminous transcript herein; but, whenever such method cannot be followed, the only procedure left for the parties and the court is to settle the record in the light of the information to be procured from a transcript of the evidence, or of such part thereof as bears upon the several specifications. The trial court not having refused to settle the record herein after he shall be furnished with the necessary data therefor, we do not have presented to us facts giving any judge of this court jurisdiction, under chapter 178, Laws 1913, to settle such record.

The application herein is denied, and the order to show cause issued thereon dismissed.